<div style="text-align:right">ALBANY,<br>Oct. 1828.<br><br>Mumford<br>v.<br>Withey.</div>

---

## MUMFORD *ads*. WITHEY.

MOTION for retaxation of costs. The action was *covenant* to recover back the consideration money expressed in a deed on the eviction of a grantee, by virtue of a recovery in ejectment under paramount title. The plaintiff, on the trial of the cause, shewed an exemplification of the record of recovery in the action of ejectment against him, the writ of possession executed, and notice to the defendant of the pendency of the suit. The plaintiff obtained a verdict for $221,51, and had supreme court costs taxed, and now produces a certificate of the circuit judge, that the title to land came in question upon the trial of the cause.

<div style="float:right;width:25%">In an action of *covenant* to recover the consideration money in case of eviction, the plaintiff is entitled to S. C. costs, though the recovery is less than $250, especially if the judge certifies that the title to lands came in question.</div>

*J. Porter*, for defendant. In the action of trespass for mesne profits, the record of recovery in ejectment is ordinarily the evidence upon which the plaintiff rests; and in such case, if the plaintiff does not claim to recover damages beyond the time laid in the demise, the production of the record will not entitle him to costs, on the ground that the title to land came in question. (11 *Johns. R.* 405.) In this case the defendant, by one of his pleas, denied that the lessors of the plaintiff in the ejectment suit had paramount title; but the court will not look at the pleadings, to determine whether the title came in question. (2 *Caines*, 220. 3 *Cowen*, 382.)

ALBANY,
Oct. 1828.

Mumford
v.
Withey:

The facts being conceded, the court will decide upon them, notwithstanding the certificate of the judge.

*W. H. Seward,* for plaintiff. The statute prescribing that where the recovery does not exceed $250, the plaintiff shall be entitled to recover only at and after the rate of common pleas costs, expressly declares, that nothing therein contained shall extend *to any action,* where freehold or title to lands shall in any wise come in question. (1 .R. L. 344.) The exception is not, if on *the trial* the title comes in question. That in this action the title was in question is manifest, for the only subject in controversy was, whether the title which the defendant had conveyed had failed.

To entitle the plaintiff to a recovery, he was bound to shew an eviction under paramount title. This he was at liberty to do, either by shewing affirmatively and clearly that he was evicted under a paramount title, or by the production of the record of recovery, and notice of the pendency of the suit to the defendant. He adopted the latter course. The modes of proof are different, but in either case title is shewn. Besides, the defendant, by his plea, expressly brought the title in question.

*By the Court,* SAVAGE, Ch. J. The exception in the statute is general, if in *any action,* freehold or title to lands in any wise comes in question, the plaintiff is not restricted to common pleas costs, though his recovery be less than $250. The plaintiff on the trial was compelled to shew his eviction, and, of course, title out of the defendant. Besides, here the judge has certified the fact, that the title to lands did come in question, and the court will not look beyond the certificate. Whether the title came in question, does not depend upon the state of the pleadings, but upon what transpires at the trial.

Motion denied.*

---

* In *Jackson* v. *Randall,* (11 *Johns. R.* 405,) the court say, "The statute does not point out the mode in which it is to be ascertained whether the title did come in question. But it has been decided by this court, that the certificate of the judge who tried the cause, was the proper evidence on that subject."