ALBANY,<br>Sept. 1831.<br>Barney<br>v.<br>Keith.

Motion denied, without costs.

---

H. & A. BARNEY vs. KEITH.

In an action of *covenant* by a lease against his lessor, for breach of covenant of title in the lessor, the question of title to land cannot arise where the only plea put in is *non est factum.*

Where, in such a case, a judge granted a certificate that the *title to land* did come in question, the court *vacated* it.

The certificate of a judge is conclusive evidence to a taxing officer, but the court possess the power to review the grounds upon which the certificate is granted.

The *laches* of a defendant for *three months* to apply to vacate a judge's order erroneously granted, will not deprive him of his substantial rights, but he will lose the costs of his application.

MOTION to vacate a judge's certificate that title to land September 7. came in question, under which the plaintiff had taxed costs, and that the defendant be allowed to tax costs against the plaintiff. The action was *covenant;* the defendant had demised certain premises to the plaintiffs to which he had no title, and the plaintiffs were not able to obtain possession. They sued him on the covenant of title, alleging, as a breach of covenant, that the defendant had no title, and that one *Beverly* had title to, and was in possession of the premises, and hindered them from entering and possessing. The declaration contained two counts, to one of which the defendant *demurred,* and to the other plead *non est factum.* The demurrer was decided in favor of the plaintiffs, 4 *Wendell,* 502. On the trial of the issue of fact, the execution of the lease, and the payment of $20, part of the consideration of the lease, were proved. The plaintiffs also proved that when they went to take possession of the premises, they found Beverly in possession, who refused to yield the same; and some evidence was given of special damage sustained by the plaintiffs, but it being insisted

ALBANY,
Sept. 1831.

Barney
v.
Keith.

that the plaintiffs were not entitled to recover beyond the consideration money paid and the interest thereof, the judge so instructed the jury, who found a verdict for the plaintiffs for $23,03. The judge gave a certificate, that on the trial of the cause the title to land came in question, in consequence of which the plaintiffs taxed full costs, and issued an execution against the defendant.

*M. T. Reynolds,* for defendant. Title to land could not and did not come in question on the trial of the cause. Under the plea of *non est factum,* the only fact in dispute was the execution of the lease, all the other averments in the declaration being admitted by that plea. The court will review the grounds upon which the certificate was granted. 1 *Johns. C.* 146. 2 *Caines,* 220.

*A. Mann, jun.* for plaintiffs. The plaintiffs were bound to shew that they were kept out of possession of the demised premises by a person having title; title to land, therefore, directly came in question. 8 *Cowen,* 115. 1 *Wendell,* 279. It is immaterial whether the pleadings present the question of title, if in fact it arose on the trial. 1 *Wendell,* 279. In the last cited case, the court say they will not look beyond the certificate of the judge, and the *Revised Statutes, vol.* 1, *p.* 653, § 8, make the certificate the only evidence on the subject. If, however, the court would be disposed to review the grounds upon which a certificate is granted, they will not do so in this case, on account of the *laches* of the defendant in presenting the question, he having had notice of the certificate as long since as 1st May last.

*By the Court,* SAVAGE, Ch. J. It is objected that this court cannot control or vacate the certificate of the judge. It has been decided that when the certificate comes before the court, or the taxing officer, on a question as to the taxation of costs, the certificate is conclusive. In such case, to shew that the certificate is erroneous, would be to attack it collaterally, which is inadmissible; but I believe the court has never decided that it possessed no power to enquire, in a proper manner, whether the judge had not erred in granting

the certificate. The cases cited by the defendant's counsel shew that such motions have been entertained without any doubt as to jurisdiction.

Upon the merits, it appears that title did not come in question on the trial. Rejecting the evidence which the judge rejected in submitting the cause to the jury, the only evidence which remained went to prove the execution of the lease, and that possession was not in fact delivered to the plaintiffs. Whether that possession was withheld with or without right, was not the subject of inquiry. The question of title might have been raised under a different state of the pleadings. Upon the plea of *non est factum* in covenant, the breaches in the declaration are admitted, and need not be proved, only by way of shewing the amount of damages; and in this case even that was unnecessary, as the judge decided that the measure of damages was the money paid, the consideration, and interest. There was, in fact, no evidence of title, nor could there be, for there was no issue under which such evidence could be proper. The plaintiff averred want of title in both counts. This was admitted by the demurrer and subsequent default as to the first count, and by the plea of *non est factum* as to the second count. The case is simply this: The plaintiff says to the defendant, You leased me a lot of ground to which you had no title, and therefore I have sustained damages. The defendant, by his pleadings, says, I admit I had no title, but I never executed the lease. I ask, could not a justice of the peace try this issue? If so, then the recovery being less than $50, the defendant is entitled to costs. In the case of *Mumford* v. *Withey*, 1 *Wendell*, 279, the title was put in issue by one of the defendant's pleas; and hence the remark in that case, that the plaintiff was compelled to shew his eviction, and of course title out of the defendant. Had the defendant in that case simply pleaded *non est factum*, I do not see how title could necessarily and properly have been in question. If title cannot be disputed, it cannot come in question in the sense of the term as used in 11 *Johns. R.* 405.

The *laches* of the defendant are sufficiently accounted for, to give him an opportunity to assert his substantial rights;

but not to entitle him to costs of this motion. Had he made his motion when he first knew that a certificate had been given, the plaintiffs would have been saved the expense of completing their proceedings. There is no ground to charge the plaintiffs with an attempt to take any unfair advantage; they were pursuing what they considered their legal rights, and had the certificate of the judge to support them. So far, then, as the costs of this motion are concerned, the defendants having been dilatory and permitted the plaintiffs to proceed unnecessarily is not entitled to them; but the defendant should not thereby lose his substantial rights.

The motion to vacate the judge's certificate, and for costs in favor of the defendant, is granted; but without costs of this motion.