## DINEHART *vs.* WELLS.

In all cases embraced in the 3d section of the title of the revised statutes respecting costs, the plaintiff, if he recovers judgment, is entitled to recover his full costs, although the verdict be for less than $50; notwithstanding the 6th section of that title, and the 18th section of the act of 1840 concerning costs and fees in courts of law.

The 6th section, *it seems*, was intended to provide for a class of cases which should not fall within the description of those mentioned in the 3d section.

The act of May. 14, 1840, was not intended to change the rule, in regard to the plaintiff's right to full costs, in cases coming within the provisions of the revised statutes; excepting to apply the 6th section of the revised statutes to courts of record generally, which before applied only to actions in the supreme court.

The legislature, by the expressions "a right of way," or "a right by prescription or otherwise to any easement in any lands," as used in the 3d section of the title of the revised statutes relative to costs, did not intend a public highway.

Where, in an action for an assault and battery, the replication states that the place where the trespass was alleged to have been committed was a public highway, and the rejoinder denies the same, the title to lands is thereby put in issue.

A charge for counsel perusing and amending a declaration, is not taxable, unless the declaration is special.

MOTION for re-taxation of costs, and that the plaintiff's costs be limited to $47, the amount of the verdict. The declaration was in the usual form for an assault and battery. Pleas, 1. Not guilty, and issue. 2. *Son assault,* &c. 3. *Molliter manus imposuit,* in defence of defendant's possession. Replications, 1. To 2d plea, taking issue. 2. To 3d plea, alleging the *locus in quo* to be a public highway; that the plaintiff was lawfully in the same by directions of the commissioners of highways of the town, for the purpose of removing an obstruction, and being so there, the defendant committed the said assault, &c. Rejoinder, denying the *locus in quo* to be a public highway, and issue. On the trial at the Yates circuit, in December, 1847, the plaintiff recoved a verdict of $47. The plaintiff's attorney had his costs taxed on the 3d January, 1848, by the county judge of Yates county, at $200,11. The defendant's counsel appeared before the judge on the taxation, and objected to sev-

Dinehart *v.* Wells.

eral items in detail, and also objected to the right of the plain-
tiff to have his costs taxed as against the defendant at a sum
exceeding $47, the amount of the verdict. The judge overruled
all the objections, and taxed the costs as above; upon which
the plaintiff perfected his judgment for the said verdict and
$200,11 costs. A motion was now made to re-tax the costs at
a sum not exceeding $47, and to have the judgment corrected
accordingly, or to correct several items in the bill of costs.

*D. B. Prosser,* for the defendant.

*George Underwood,* for the plaintiff.

*By the Court,* WELLES, J. The statute under which the
plaintiff claims his full bill of costs, (2 *R. S.* 613, § 3,) gives a
plaintiff the costs allowed for services in the court in which the
action shall be brought, if he recovers judgment by default,
upon confession, verdict, demurrer, or otherwise, " in all actions
in which the title to lands or tenements, or a right of way, or
a right by prescription or otherwise, to any easement in any
lands, or to overflow the same, or to do any other injury thereto,
shall have been put in issue by the pleadings, or shall have
come in question on the trial of the cause." The defendant
insists that by the 6th section of the same act, and also by the
18th section of the act concerning costs and fees in courts of
law, and for other purposes, passed May 14, 1840, (*Laws of
1840, p.* 333,) the plaintiff's costs must be limited to the amount
of his verdict, being less than $50. The 2d subdivision of the
3d section above referred to, is that in *all actions* in which the
title to lands or tenements, &c. shall have been put in issue by
the pleadings, &c. the plaintiff shall recover the costs allowed
for services in the court in which the action shall be brought.
The question whether, by the 6th section, the legislature in-
tended to except the cases therein mentioned from the operation
of the 3d section, notwithstanding the title to lands, &c. might
be put in issue, &c. has never been decided by any reported
case, that I am aware of. From the comprehensive language

of the 3d section, *in all actions,* &c. I think it must be intended, that in all cases embraced in that section, which might include a variety of actions, the plaintiff should recover his full costs, notwithstanding the 6th section, which I think was intended to provide for a class of cases that should not fall within the description of those mentioned in the 3d section; such, for instance as the ordinary action of assault and battery, not involving either in the pleadings or on the trial, the question of the title to lands, &c. The policy of the legislature seems to have been to graduate the allowance of costs to the plaintiff, with some reference to the importance and intricacy of the questions to be tried, or of the right involved. Hence, in an action of trespass *quare clausum fregit*—which, in the first instance, and in its primary object, involves simply a question of damages, and may be tried before a justice of the peace— yet if the title to the *locus in quo* is put in issue by the pleadings, the justice is ousted of his jurisdiction, and the plaintiff in such case, where the action was originally brought in a court of record, if he recover any amount, shall have his full costs. A verdict and judgment in a case where the title to lands is legitimately tried and passed upon by the jury, and was a material issue in the cause, is final upon the question of title between the parties to the suit, whatever the nature of the action might have been.

The 18th section of the act of 1840 is substantially like the 6th section cited from the revised statutes, excepting that by the former the plaintiff must recover damages "to the amount of fifty dollars," or recover no more costs than damages, and by the latter, if he "recover fifty dollars or less," he shall recover no more costs than damages. Whether this difference was designed or accidental, is not material in this case to consider. I do not think the act of 1840 was intended to change the rule, in regard to the plaintiff's right to full costs in cases coming within the provisions of the revised statutes, excepting to apply the 6th section to courts of record generally, which before applied only to actions in the supreme court.

It is contended that this case is not embraced in the provis-

ions of the 3d section above recited ; that the rejoinder only puts in issue the existence of the public highway, and not the title to the lands over which it passes ; that the defendant's general title to the land is`admitted by the replication, and that the case made by the pleadings does not raise the question of a right of way, or a right by prescription or otherwise to an easement in any lands, &c. within the meaning of the 3d section. I incline to think the latter part of this position is sound, and that by the expressions " a right of way," or " a right by prescription or otherwise to any easement in any lands," is not intended a public highway.  A right of way is defined to be " the privilege which an individual, or a particular description of persons, such as the inhabitants of the village of A., or the owners or occupiers of the farm of B,, may have of going over another person's grounds.  It is an incorporeal hereditament of a real nature ; entirely different from the king's highway, which leads from town to town ; and also from the common way, which leads from a village into the fields." (3 *Cruise's Dig.* 100.)  An easement " is a service or convenience that one neighbor hath of another, without profit, as a way through his land, a sink, or the like." (3 *Cruise's Dig.* 484.)  But the question whether the place where the assault and battery in this case is alleged to have been committed was a public highway, was distinctly put in issue by the rejoinder ; and upon the authority of the case of *Randal* v. *Crandal,* (6 *Hill,* 342,) and the authorities there cited, I feel constrained to hold, that the title to lands was thereby put in issue.  The owner of the land over which the highway runs, is seised of the soil, but the replication in this case denies his absolute right.  It questions his complete title, and seeks to qualify it, and no title is completely good unless the right of possession is joined to the right of property.

The only remaining questions, relate to the objections to some of the items of the bill of costs.  The plaintiff has charged a counsel fee for perusing declaration, $2.  A fee of $2 is allowed to counsel for perusing and amending a special pleading, except declarations on bills of exchange, promissory notes, and on

judgments. (*Laws of* 1844, *ch.* 273, *p.* 402.) It has been supposed that because declarations in certain cases are excepted, in all other cases the fee is chargeable. This cannot be so; if it were, then it would apply to the simplest common money count. The pleading must be *special*, to authorize the charge. In this case the declaration has been presented to us, and I do not think it special. No certificate of counsel has been furnished stating that it was special; and I doubt whether respectable counsel could be found who would make such a certificate. The charge in question must be disallowed. It is also objected that a like fee is charged for perusing each replication to the two special pleas; and it is contended that only one is chargeable. I think both were properly chargeable. It is not denied that they are both special. They are entirely different in their nature, and became necessary by the defendant's pleading different special pleas.

The costs must be retaxed, unless the plaintiff will agree to strike out $2 from the bill. The residue of the motion is denied, but without costs to either party.

New-York Special Term, February, 1848. *Edmonds,* Justice.

In the matter of Francisco Marty.

A non-resident creditor who is only temporarily here, and not domiciled, may sue out an attachment against his debtor who is a non-resident; even upon a debt contracted abroad. And it is not necessary the debtor shall ever have been a resident here.

The case of *Ex parte Fitzgerald,* (2 *Caines,* 318,) shown to have been overruled.

It is sufficient for a creditor, in his application for an attachment against a non-resident debtor, to state that the debtor is indebted to him in a specified sum, arising upon contract.

The debtor and Altillio Valtellina were both residents of Havana, and there made a contract with each other, and three