MARTIN KREUGER, *Plaintiff in Error*,

*vs.*

FREDERICK ZIRBEL, *Defendant in Error*.

ERROR TO THE MILWAUKEE COUNTY COURT.

Where judgment, to an amount less than $100, is recovered, in the County Court, in a case within the jurisdiction of a justice of the peace, no costs can be allowed.

Declaration in covenant upon a deed, for breach of the covenant of seizin, and of good right to sell and convey ; Plea *non-est factum* and special plea admitting the other allegations in the declaration, to wit : the total want of title, and right to convey ; held, that this did not bring the title to land in question, and was within the jurisdiction of a justice of the peace.

When, in the county court, in a case, within the jurisdiction of a justice, judgment is rendered in favor of the plaintiff by consent, for $35.50, and costs ; on error, the judgment will be reversed as to the costs, but affirmed as to damages. In such case the costs in this court are a matter of discretion.

This was an action of covenant, brought by the the defendant in error, for a breach of the covenant of seizin contained in a deed executed by plaintiff in error to defendant in error.

The declaration sets forth the execution of the deed, the consideration amounting to $25.00, the covenant, and the breach thereof, claiming $500 damages.

The defendant, for a plea, denies the execution of the deed, and admits all the other allegations of the declaration.

The cause was tried, and by consent, judgment was rendered for plaintiff for $25, with interest from the date of said deed for six years. The defendant then filed a motion that judgment for costs be rendered against the plaintiff, on the ground that the

judgment for damages, rendered in favor of the plaintiff, was less than $100. Which motion was denied by the county judge, and judgment for costs rendered against defendant. Exceptions were taken to the decision of the judge denying the motion, and to the judgment for costs in favor of plaintiff. The error assigned is, that the court below erred in denying the motion of the defendant, and in rendering judgment for costs in favor of the plaintiff.

*Austin & Dunn,* for the plaintiff in error.

1st. When the amount of a judgment rendered for plaintiff by the County Court is within the jurisdiction of a justice of the peace, the defendant should have judgment for costs. *R. S. of Wis., chap.* 130, *sec.* 3, *subdivision* 4 ; *and also sec.* 5, *of same chapter.*

2d. The defendant in error relies upon the exception to the above rule, contained in the second subdivision of *sec.* 3, *chap.* 130, *R. S. of Wis.,* relating to cases in which the title to lands and tenements is put in issue in the pleadings, or comes in question on the trial of the cause. But this case is not embraced in the exception named, for the reason that the title of the land conveyed by plaintiff in error to defendant in error, was not put in issue by the pleadings, or brought in question on the trial. The plaintiff in error distinctly admitted in his plea the title to be as alleged in the declaration. The only issue formed by the pleadings was *upon the execution of the deed,* and upon the trial *nothing whatever* came in question except the decision of the judge, to reverse which this writ of error was brought. *See Legg vs. Robinson, Wendell's Rep. p.* 194 ; *McMeish vs. Stewart,* 7 *Cowen*

*Rep.* 474; *H.* & *A. Barney vs. Keith*, 6 *Wend.* *Rep.* 555.

. The decision in the case of Barney vs. Keith, is exactly in point, and was made under statutes precisely like those of this State relating to the subject under consideration. See *Rev. Stat. of N. Y.*, published in 1836, *2d vol., part* 3, *chap.* 2, *title* 7, *p.* 158, *sec.* 59, *and following.* Also, the *same vol., part* 3, *chap.* 10, *title* 1, *sec.* 3, *subdivision* 2, *p.* 508.

*By the Court*, Whiton, C. J. The plaintiff below (Zirbel) sued Kreuger in the County Court for Milwaukee county, in an action of covenant. The declaration alleged a breach of the covenant of seizin, and also of the covenant, that the covenantor had good right to sell and convey. The covenants were contained in a deed of a lot of land in the city of Milwaukee. The defendant pleaded *non est factum*, and also a special plea, in which he admitted that he had no title, legal or equitable, to the land, nor any right to convey it. The plaintiff recovered a judgment by consent, for the sum of thirty-five dollars and fifty cents, damages. After the recovery of the judgment for damages, the defendant moved for costs, on the ground that the damages were less than one hundred dollars. The motion of the defendant for costs was overruled, and a judgment for costs as well as damages, was rendered in favor of the plaintiffs.

We think that the court erred in giving costs to the plaintiff. The amount recovered shows that the case within the jurisdiction of a justice of the peace, and the pleadings show clearly that a justice could have tried the issue created by them. (*Rev. Stat. ch.* 88, § 5; *id. chap.* 130, § 3, 5.) Under them,

it is apparent that the title to real estate could not come in question, as, beside the special plea which confessed that the defendant had no legal or equitable title to the land, and no right to convey it, there was only the plea of *non est factum.* By this plea, nothing was put in issue but the making of the deed, and this issue might have been tried by a ʾustice of the peace. *Barney vs. Keith,* 6 *Wend.* 555. As the judgment for damages is correct, it must be affirmed as to them, and reversed as to costs. *Mitchell vs. Kennedy,* 1 *Wis. R.* 511. As we have a discretion in cases of this nature, upon the question of costs in this court, we have concluded to give costs to neither party. *Rev. Stat. chap.* 130, *sec.* 18.