## CORTLAND COUNTY COURT.

### PATRICK LILLIS agt. CORNELIUS O'CONNER.

*Costs in an action of assault and battery.*

In an action for assault and battery where the plaintiff recovers six cents damages and the judge certifies that title to land came in question on the trial, the plaintiff is entitled to full costs.

Section 304 of the Code has not repealed or changed the Revised Statutes on the subject of costs.

*Shankland & Shankland*, attorneys for plaintiff.

*M. M. Waters*, attorney for defendant.

A. P. SMITH, *C. J.* — This is a motion made by defendant to strike out the costs of the plaintiff as taxed by the clerk of Cortland county and for a retaxation and allowance of only six cents costs to the plaintiff, and for an order setting aside plaintiff's execution.

This action was originally brought in the county court to recover $1,000 for an assault and battery. The answer averred, and the proof on the trial tended to show, that the defendant was the owner of the *locus in quo* where the assault occurred. The jury rendered a verdict for the plaintiff for six cents damages, and on application to me I granted the usual certificate, that title to land came in question on the trial. Under the defendant's objections, the clerk of Cortland county taxed a full bill of costs to the plaintiff, and the single question is now presented, whether the plaintiff is entitled to a full bill of costs, or to the amount only of six cents costs.

By the Revised Statutes (2 *R. S., p.* 509 [*2nd ed.*]) the plaintiff on recovery was entitled to full costs. "2. In all actions in which the title to lands or tenements, or a right of way, or a right by prescription or otherwise to any easement in any lands, or to overflow the same, or to do any other injury thereon shall have been put in issue by the pleadings or shall have come in question on the trial of the cause."

It was there further provided: "Section 6. If the plaintiff in an action for assault, battery, &c., brought in the supreme court, recover fifty dollars or less, such plaintiff shall recover no more costs than damages."

Under this law the supreme court at general term in 1848 decided that in an action for assault and battery where the title to land was set up in the answer and came in issue on the trial and the plaintiff recovered less than fifty dollars, he was entitled to full costs (*Dinehart* agt. *Wells*, 2 *Barb.*, 432).

The defendant admits that the title to lands came in question in this case and that the certificate was properly given and that if the law stood now as it did in 1848 the case of *Dinehart* agt. *Wells* (*supra*), would be controlling. But he draws a distinction between the Revised Statutes under which that decision was made, and section 304 of the Code now in force, in this: That the language of section 3, subdivision 2, of the Revised Statutes, said *in all actions* wherein the title, &c., came in question, the plaintiff should recover full costs, whereas the Code says: "1. *In an action,* &c., or when a claim of title to real property arises," &c.

And he makes the further distinction, that section 6 of the Revised Statutes provided for a separate class of actions, as assaults, &c., whereas the Code in less general terms provides for cases in which title to lands comes in question, and then by the word "but" introduces an exception that in cases of assault, &c., no more costs than damages shall be recovered in cases like the present where less than fifty dollars is recovered, and insists that now though the title to lands comes in question, if the action is for assault and battery, the plaintiff

recovering less than fifty dollars recovers no more costs than damages.

In *Rathbone* agt. *Mc Connell* (21 *N. Y.*, 468), the court of appeals, in speaking of section 304 of the Code and the Revised Statutes above quoted, says, DENIO, J.: "And I am of the opinion that the same construction ought to be given to the section of the Code under consideration though the language is much less explicit."

In *Utter* agt. *Gifford* (25 *How.*, 299), judge HOGEBOOM, with the concurrence of his brethren comes to the conclusion that the Revised Statutes on the subject of costs is not repealed either expressly or by implication by section 304 of the Code. The last two cases cited are not like the one at bar in that they are not for assault or any of the actions mentioned in the exception.

But they furnish some light as the opinions of learned judges upon the question of the intention of the legislature to effect a change in the law regulating the costs, by the enactment of section 304 of the Code. They say that no change was intended, and so it seems to me.

It is conceded that the language is slightly changed and several of the sections of the Revised Statutes are gathered together and put into one. But it seems to me that they mean the same thing and that *Dinehart* agt. *Wells* (*supra*), is an authority directly in point in favor of the plaintiff.

The rule is well established, " where a law, antecedently to a revision of a statute is settled either by a clear expression in the statute or by adjudication on them, the mere change of phraseology shall not be deemed a change of the law " (*Sedgwick on Statute*, 428, 429 ; 12 *Sup. Court Rep.*, 145).

The motion is denied with ten dollars costs.