PATRICK LILLIS, RESPONDENT, *v.* CORNELIUS O'CONNER, APPELLANT.

*Action for assault and battery — Code, § 304 — costs — when title to real property involved.*

In this action for an assault and battery, the defense was: (1) general denial, (2) *son assault demesne,* (3) justification in defense of defendant's real property. The plaintiff recovered a verdict of six cents, and having obtained a certificate from the county judge that the title to real property was put in issue by the pleadings and came in question upon the trial, he taxed full costs. *Held,* that this was proper, and that a motion to strike from the judgment all costs in excess of six cents was properly denied.

*Dinehart* v. *Wells* (2 Barb., 432) followed.

Such certificate is conclusive upon the taxing officer, to show that the title to land came in question upon the trial.

APPEAL from an order of the County Court of Cortland county, denying a motion to strike from the record the plaintiff's costs, except six cents, the amount of the verdict.

The action was assault and battery, brought in the County Court of Cortland county. The defense interposed by the answer was: (1) general denial; (2) *son assault demesne;* (3) justification in defense of defendant's possession of his real property. On the trial the plaintiff had a verdict of six cents. The plaintiff obtained a certificate, signed by the county judge, that the title to real property was raised and put in issue by the pleadings, and came in question on the trial, and thereupon taxed full costs and entered judgment therefor in his favor. The defendant then moved, on an

order to show cause, for a readjustment of the costs, and that the same be stricken from the judgment except for the sum of six cents. The order to show cause was discharged, and the motion for a readjustment of the costs was denied. Thereupon the defendant appealed to this court.

*Waters & Knox*, for the appellant.

*Shankland & Shankland*, for the respondent.

BOOKES, J.:

The decision in *Dinehart* v. *Wells* (2 Barb., 432) seems entirely conclusive of the question presented on this appeal. According to that decision the provision of the Code which declares that in an action for assault and battery, if the plaintiff recover less than fifty dollars damages, he shall recover no more costs than damages, does not nullify or affect the prior provision of the same section (304), which provides that costs shall be allowed of course to the plaintiff when a claim of title to real property arises on the pleadings, or is certified by the court to have come in question at the trial. True, the language of the Code is not precisely the same as that of the statutes under consideration in *Dinehart* v. *Wells*, but the intent and meaning were the same. The difference in the phraseology is but formal, and admits of no construction dissimilar in the one case from the other. That decision, being a General Term decision, should be adhered to until overruled in the appellate court. It is suggested that there is an important dissimilarity between the case cited and the one in hand, as regards the pleadings. In the case cited the action, like that here before us, was for assault and battery. The answer was the same in both cases, to wit: (1) general denial; (2) *son assault demesne ;* (3) *moliter manus imposuit* in defense of defendant's possession. In the case cited there was a reply to the third defense, alleging the *locus in quo* to be a public highway, and that the plaintiff was lawfully there when the injury complained of was inflicted. To this the defendant rejoined, denying that the *locus in quo* was a highway. Thus an issue was raised upon the third defense, and the court held that on such issue the title to land

came in question on the pleadings. This line of pleading was admissible when the record in that case was made up by the parties, but now, under the Code, no reply to the defendant's answer was admissible (Code, § 153), and the third defense was to be deemed controverted by the adverse party as upon denial or avoidance. (Sec. 168.) The two cases are therefore precisely alike as regards the pleading. Thus, in the case in hand, according to the decision in *Dinehart* v. *Wells*, and in legal logic, a claim of title to real property was raised on the pleadings. The defendant tendered the issue by his answer; a reply was inadmissible; but the new matter interposed as a defense was by the Code to be deemed controverted, " as upon a direct denial or avoidance." (Sec. 168.) It seems also that the title to real property came in question on the trial. The judge so certified; and the papers before us show that evidence was given bearing on the question of title; and the judge charged the jury on the subject. A point is made that the certificate is by the judge and not by the court, but it does not appear, as it should to make this objection available, that it was raised before the taxing officer; and besides, for aught that appears, the certificate was made by the court. The county judge is the court when in session, and that court is always open for the transaction of any business, for which no notice is required to be given to the opposite party. (Sec. 31.) It should be added here, perhaps, that the certificate was conclusive upon the taxing officer, that the title to land came in question on the trial. (*Mumford* v. *Withey*, 1 Wend., 279; *Barney* v. *Keith*, 6 Wend., 555; *Burhans* v. *Tibbits*, 7 How., 75, per WRIGHT, J.; *Niles* v. *Lindsley*, 1 Duer, 610; *Utter* v. *Gifford*, 25 How., 297, per HOGEBOOM, J.) If improperly granted the certificate may be set aside on motion for that purpose. (*Barney* v. *Keith*, *supra*.) The order appealed from must be affirmed, with ten dollars costs and disbursements.

LEARNED, P. J., and BOARDMAN, J., concurred.

Order affirmed, with ten dollars costs and disbursements.