### COOLEY et al. v. CUMMINGS.

(*Superior Court of New York City, General Term.* March 5, 1889.)

1. COSTS—TITLE TO REAL ESTATE—CERTIFICATE OF TRIAL JUSTICE.
The certificate of the trial justice that the title to real estate came in question on the trial is conclusive upon the taxing officer, and he therefore commits no error in entering judgment so as to include costs to the plaintiff.

2. SAME.
Where no order granting the motion for a certificate has been formally made or entered, defendant's remedy, if aggrieved, is by motion to set the certificate aside, and not by appeal.

Argued before SEDGWICK, C. J., and DUGRO, J.
*J. H. Whitelegge,* for appellant. *Chauncey Shaffer* and *Jacob Fromme,* for respondents.

DUGRO, J. This is an appeal from so much of a judgment as awards costs in the action to the plaintiffs, and from a certificate granted by the trial justice, certifying that the title to real estate came in question on the trial. The certificate was conclusive upon the taxing officer, (*Lillis* v. *O'Connor,* 8 Hun, 280,) and he therefore committed no error in entering judgment so as to include costs. I do not believe that the granting of a certificate is such an intermediate order as is when specified in the notice of appeal brought up for review by an appeal from a final judgment, and therefore I think there can be no available exception to the granting of a certificate. To my mind, therefore, no ground for the reversal or modification of the judgment has been presented. If the certificate was improperly granted, it may be set aside on a motion made for that purpose. *Barney* v. *Keith,* 6 Wend. 555. It seems that no order granting the motion for a certificate was formally made or entered; and so, as the matter stands, the defendant's remedy, if aggrieved, is by motion, and not by appeal. The appeal must be dismissed, with costs.

SEDGWICK, C. J., concurs.