JAMES W. FARRELL, Respondent, v. SETH HILL, Appellant.

69h· 455
81 AD 327

*Claim of title to real property arising on the pleadings — costs.*

Where a defendant in an action in the Supreme Court pleads title to real property in such form that, under section 522 of the Code of Civil Procedure, the plea is to be deemed denied by the plaintiff, a claim of title to real property arises upon the pleadings and, by force of subdivision 1 of section 3228 of the Code of Civil Procedure, the plaintiff, if he recovers any judgment, will be entitled to costs, without any certificate and although no evidence on the question of title was offered on the trial.

APPEAL by the defendant, Seth Hill, from an order of the Supreme Court made at the Saratoga Special Term and entered in the office of the clerk of Saratoga county on the 16th day of December, 1892, vacating a taxation of costs in favor of the defendant, and ordering a retaxation of costs and directing the clerk, on such retaxation, to allow costs to the plaintiff.

*Miner & Hill*, for the appellant.

*Charles M. Davison*, for the respondent.

HERRICK, J. :

I think this case should be affirmed, with costs and disbursements, on opinion of Special Term.

MAYHAM, P. J., concurred ; PUTNAM, J., not acting.

Ordered affirmed on opinion of Special Term.

The following is the Special Term opinion :

PUTNAM, J. :

The plaintiff in his complaint alleged that on March 25, 1892, he was duly possessed and in occupation of the house and premises described, and that defendant wrongfully and unlawfully trespassed and tore up carpets and oilcloths, and removed chairs and tables, and otherwise unlawfully and wrongfully ransacked and despoiled said house.

Defendant, for answer (1) denied the material allegations of the complaint, and (2) set up that one Seymour Colson and wife were the owners in fee and possessed of the said premises, and entitled to the right of immediate and actual possession thereto, and were

removing their furniture to said dwelling house, as they had a lawful right to do, and finding in said house some furniture, goods and chattels unlawfully therein, necessarily and carefully removed them from said house, and that defendant, at the request of said Colson, assisted him in such removal, as he had a lawful right to do.

Plaintiff on the trial obtained a verdict for five dollars, which, by order of the court, was increased to fifteen dollars, by virtue of the provisions of section 1669 of the Civil Code.

Before the clerk on the taxation of the costs, each party claimed to recover of the other the costs of the action. The clerk awarded the costs to the defendant. This motion is made to review the action of the clerk, plaintiff insisting that he is entitled to recover the costs of the action, although the recovery was less than fifty dollars, under the provisions of subdivision 1 of section 3228 of the Civil Code, on the ground that a claim of title to real property arose upon the pleadings. No certificate is produced that a claim of title to real property in fact, arose upon the trial.

If, under the provisions of the Code, a reply were required, where the answer set up an affirmative defense not constituting a counterclaim, and the plaintiff in this case replying to the allegations contained in the answer, as to the title of Seymour Colson and wife to the premises in question, had denied such allegation, it would not be doubted but that a claim of title to real property arose on the pleadings. (*Dinehart* v. *Wells*, 2 Barb. 432.)

But, inasmuch as the answer did not contain a counterclaim, no reply was required, and the allegation setting up title in the Colsons is to be deemed controverted by the plaintiff. (§ 522, Civil Code.)

To the allegation of the defendant asserting the title of Seymour Colson and wife to the premises in question, the statute interposes a denial on the part of the plaintiff. The statute created a legal issue as to the Colson title.

Coming down to the trial on such pleadings, defendant would be compelled to prove his allegation of title just the same as if a reply were served denying such allegation. I think, therefore, where a defendant pleads title, which by statute is deemed denied by the plaintiff, a claim of title to real property arises upon the pleadings. The question raised in this case was settled in this district long since in the case of *Lillis* v. *O'Conner* (8 Hun, 280). The action was

assault and battery, and the defense was (1) general denial, and (2) *son assault de mesne ;* (3) justification in defense of defendant's possession of his own property. Justice BOCKES gave the opinion of the General Term, and referring to *Dinehart* v. *Wells* (*supra*), remarked : " Under the Code no reply to the defendant's answer was admissible (Code, § 153), and the third defense was to be deemed controverted by the adverse party as upon denial or avoidance." (§ 168.) The two cases are, therefore, precisely alike as regards the pleading. Thus, in the case in hand, according to the decision in *Dinehart* v. *Wells,* and in legal logic, a claim of title to real property was raised on the pleadings. The defendant tendered the issue by his answer; a reply was inadmissible; but the new matter interposed as a defense was by the Code to be deemed controverted as upon direct denial or avoidance. (§ 168.)

The above authority, I think, has not been questioned, but is referred to in *Lynk* v. *Weaver* (128 N. Y. 177), and must be deemed to settle the law in accordance with the views above suggested. The case of *Lynk* v. *Weaver* (*supra*), referred to by counsel for defendant, is not parallel to the case before us. In that case the plaintiff in his complaint claimed title to the premises described. The answer contained no denial of his title, and the court held that " where, viewing all the pleadings, there is no issue or dispute about the title, in no legal sense can it be said that a claim of title arises upon the pleadings. The phrase has reference to a case where both parties in the pleadings claim the title, or where one claims it and the other disputes it."

In the case before us the defendant pleaded title in the Colsons. The allegation is deemed denied by the plaintiff, thus raising a direct issue upon the claim of title.

Of course, under the provisions of subdivision 1, section 3228, Civil Code, where an issue as to a claim of title to real estate is thus raised by the pleadings, the plaintiff recovering *any judgment* is entitled to costs without any certificate, and although in fact no evidence was offered on the trial on the question of title.

An order should be entered directing retaxation of costs, and that the clerk on such retaxation, allow to plaintiff the costs of the action, with ten dollars costs of this motion.