### In the matter of JOHN BROWN and HUGH BROWN, non-resident debtors.

Under the act relative to *absconding, concealed and non-resident debtors,* proceedings may be had by the *trustees* of one non-resident debtor for the collection of a debt due from another non-resident debtor.

So a *non-resident creditor* may institute proceedings under this act against a *non-resident debtor,* where the debt is due on a contract made within this state.

It is enough that the affidavits of the two witnesses, required by the statute to be presented on the application for an attachment, state that the debtor is a *non-resident,* or that being an inhabitant he has *secretly departed* from the state, or keeps himself *concealed* with intent to avoid the service of civil process; it is not necessary that these affidavits should contain any thing as to the *nature of the debt,* or the residence of the *creditor.*

It is a rule of construction, that a mere change of phraseology in a revision of the statutes, will not be deemed to alter the law, unless it evidently appears that such was the intention of the legislature.

CERTIORARI to the Hon. *Thomas J. Oakley,* one of the justices of the superior court of the city of New York, to remove into this court, proceedings had before him against *John Brown* and *Hugh Brown,* as *non-resident debtors.* By the return it appears that on the 5th March, 1838, *Thomas Dewey, Thomas C. Doremus* and *Francis Griffin,* of the city of New York, *trustees* of the estate of J. & A., *non-resident debtors,* made application in writing to the judge, for an attachment against the estate of *John* and *Hugh Brown,* who were stated to be residents of *Ireland,* in the kingdom of Great Britain. The applicants stated that as such trustees, they had a demand against the *Browns* for $7930 62, arising upon *contracts made within this state.*

In the matter of Brown.

These facts were verified by the affidavit of the applicants, which concluded with these words—"The grounds upon which the above written application is made are, that the said John Brown and Hugh Brown reside out of the state of New York." To this was added the affidavit of two persons, who swore, that neither of them was interested in the application, and "that the said John Brown and Hugh Brown reside out of the state of New York." Upon these papers the judge issued a warrant of attachment, and directed notice to be given pursuant to law.

*J. N. Taylor & S. Sherwood*, on behalf of the debtors, made two objections: 1. That the trustees of non-resident debtors are not entitled to this remedy; and 2. That the affidavit of the two witnesses does not state all the necessary facts: that it should have been added, that the Browns were indebted, either on a contract made within this state, or to a creditor residing within this state. 2 R. S. 3, § 1, 5.

*S. A. Foot*, for attaching creditors.

*By the Court*, BRONSON, J. The trustees of a non-resident debtor are *vested by law* with all the estate, real and personal, of the debtor; and they have power *to sue in their own names*, or otherwise, and recover all the estate, debts, and things in action, belonging or due to the debtor. 2 R. S. 41, § 6, 7. I think the trustees are creditors within the meaning of the statute, and that they may proceed by attachment as well as in the more usual forms for enforcing legal demands. If they are creditors, we need not inquire whether they come within the description of "personal representatives," mentioned in the third section of the statute. 2 R. S. 3.

It was said, that these trustees represent a non-resident, and that a non-resident creditor cannot proceed by attachment against a non-resident debtor. There are two answers to this: The first has been given already. The trustees, being assignees by law of the debt, with power to sue in their own names, are to be regarded as creditors within

In the matter of Brown.

this statute ; and then this is a case of *resident* creditors, proceeding against non-resident debtors. The second answer is, that a non-resident creditor may proceed by attachment, where, as in this case, the debt arose on a contract made within this state. 2. R. S. 3, § 1, 3.

Is it enough that the two witnesses prove the non-residence of the debtor, or must they prove more ? An attachment may issue against a *non-resident*, when he is indebted, either on a contract made, or to a creditor residing within this state. And it may also issue against a *resident* debtor, who shall secretly depart from, or keep himself concealed within this state, with intent to defraud his creditors, or to avoid the service of civil process. § 1. After declaring by whom and in what manner application for the attachment shall be made and verified, the 5th section provides, that " the facts and circumstances to establish *the grounds* on which such application is made, shall also be verified by the affiavits of two disinterested witnesses." It is said that " the grounds" on which the application is made must include every thing which goes to make out a title to the process ; but I think the words were used by the legislature in a more restricted sense, and that the two witnesses need say nothing about the debt or the residence of the creditor.

Application for an attachment may be made by any creditor, either in or out of the state, having a demand against the debtor of a particular description and amount. It must be made in writing, verified by the affidavit of the creditor, in which must be specified the amount of the debt, " *and the grounds* upon which the application is founded." § 3, 4. " The grounds" here, evidently point to something other than the debt, or the residence of the creditor. Those are matters to be stated by the applicant, and to which he is to add " the grounds upon which the application is founded." This expression applies to the *debtor*—" the grounds" for proceeding against *him* must be specified. It must appear either that he is a non-resident, or else, that being a resident, he has secretly departed, &c. This is the only part of the case which need be verified by the affidavits of two disinterested witnesses. § 5.

A reference to the old law will tend to confirm this construction. By the former statute, the cases of resident and non-resident debtors were provided for in different sections, and in neither case were the two witnesses required to prove any thing concerning the debt or the residence of the creditor. When the proceeding was against a non-resident, the creditor was only required to prove by the witnesses the single fact that the debtor resided out of this state. 1 R. L. 157, § 1, 23. In re-enacting these provisions, with some additions, *Matter of Hollingshead*, 6 Wendell, 553, I think the legislature did not intend to change the rule as to what facts must be proved by the witnesses. If the proceeding be against a non-resident, the two witnesses must prove the fact of his non-residence; if against a resident, they must prove the fact that he has secretly departed, or keeps concealed, with intent, &c. The fact that there is such a debt and such a creditor as the statute specifies, may be established by other evidence. A mere change of phraseology in a revision of the statutes, will not alter the law, unless it evidently appear that such was the intention of the legislature. *Yates' case*, 4 Johns. R. 359.

The proceedings should be affirmed, and for the purpose of completion, should be remitted to the judge who issued the warrant. 2 R. S. 14, § 70.

Ordered accordingly.