JOHN KELLY, Respondent, v. THE NEW YORK AND MANHATTAN BEACH RAILWAY COMPANY, Appellant.

In an action of trespass upon lands the complaint alleged title and possession in plaintiff, both of which allegations were specifically put in issue by the answer. Plaintiff claimed damages for injuries to the freehold by the deposit of earth and rubbish thereon, as well as for the entry. Plaintiff recovered less than fifty dollars. *Held*, that, as to entitle plaintiff to recover for the injury to the freehold, it was necessary to allege and prove his title, the question of title arose upon the pleadings; and that consequently a certificate that it arose on trial was unnecessary to entitle plaintiff to costs.

(Argued April 20, 1880 ; decided June 1, 1880.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, affirming an order of Special Term, which vacated and set aside a taxation of costs in favor of defendant and the judgment entered thereon, and directed the clerk to tax plaintiff's costs. (Mem. of decision below, 19 Hun, 363.)

This was an action of trespass *quare clausum fregit.* Th complaint alleged title and possession in plaintiff; that defendant unlawfully entered upon the lands and deposited thereon large quantities of earth, sand and rubbish, for which plaintiff claimed damages. The answer, among other things, specifically alleged that plaintiff was not and is not the owner in fee, or in possession of the premises. A verdict was rendered in favor of plaintiff for $49. No certificate that title came in question on the trial was made.

*Alfred C. Chapin* for appellant. The order herein is appealable to this court. (*Bradner* v. *Howard,* 75 N. Y. 407.) The defendant is not entitled to costs, unless a claim of title to real property arose upon the pleadings, or unless the court certifies that such claim came in question upon the trial. (Code of Proc., § 304, subd. 1; *Rathbone* v. *McConnell,* 21 N. Y. 466; *S. C.* and Code of Proc., § 62; Code of Proc., § 59; *Team* v. *Currier,* N. Y. Weekly Digest, Dec. 9, 1878.)

*Wm. B. Hurd, Jr.,* for respondent. The order appealed from is not reviewable in this court. It is an intermediate order, and as such, part of the judgment, and if reviewable at all, can only be considered upon appeal from the judgment. (*People ex rel. Clute* v. *Boardmann,* 41 N. Y. 362; *McClure* v. *Supervisors of Niagara Co.,* 4 Abb. [N. S.] 202; *Clarke* v. *City of Rochester,* 34 N. Y. 355; *De Barante* v. *Deyermand,* 41 id. 355.) A question of title to real estate does arise upon the pleadings. (*Rathbone* v. *McConnell,* 21 N. Y. 466; *Niles* v. *Lindsey,* 8 How. 131.) The defendant's judgment was for costs. The court having decided that if defendant was not entitled to costs, and hence not entitled to judgment, it was not error to vacate the judgment entered. (*McLean* v. *Hoyt,* 56 How. Pr. 351.)

RAPALLO, J. The complaint alleged title in the plaintiff, as well as possession, and both allegations were specifically put in euiss by the answer. It is contended, however, that inasmuch as title in the defendant was not set up, but only a license from the plaintiff was alleged, and proof of possession in the plaintiff would have sufficed to maintain the action, the issue upon the question of title was immaterial. This position might be sound if the complaint claimed damages only for the entry and invasion of the plaintiff's possession, but such is not the case. It claims damages for injury to the freehold by the deposit of earth, sand, and rubbish thereon. To entitle the plaintiff to recover for the injury to the freehold, it was necessary to allege and prove his title. The case is a close one, but we think the preponderance of the argument is in favor of the position of the General Term, that the question of title arose upon the pleadings, and a certificate that it arose upon the trial was consequently unnecessary to entitle the plaintiff to costs.

The order should be affirmed.

All concur.

Order affirmed.