Nehrbas, J.
The question whether the title to real estate is involved depends upon whether the injury results to the freehold or merely to the right of possession. If it be a permanent injury to the freehold, then no one except the owner of the premises can bring suit, and if his ownership be put in issue, then the title to real property comes in question (Kelly v. N. Y. Manhattan Beach Railway Co., 81 N. Y. 233).
In this case, plaintiff alleges both ownership and right of possession, both of which are put in issue. But his claim is for the maintenance of a nuisance on defendant’s premises, whereby coal dust and cinders fall on plaintiff’s premises, and the use of the engine causes loud noises, and corrupt the atmosphere “ so as to render the dwelling-house *464 and premises of plaintiff unfit for habitation, to the nuisance of said dwelling-house of plaintiff, to her damage, $2,000.” This does not affect the freehold, and the suit might be brought by the person entitled to the possession. The jury, having rendered a verdict for plaintiff for six cents damages, she is, therefore, not entitled to costs. They, consequently, go to the defendant.
The judgment entered by plaintiff must, therefore, be set aside. No motion costs.