### QUINN *v.* WINTER.[1]

(*Common Pleas of New York City and County, General Term.* December 2, 1889.)

1. COSTS—RIGHT TO—DISPUTED TITLE TO LAND.
    Where, in an action for damages for the maintenance of an alleged nuisance on defendant's land, consisting of noises which rendered plaintiff's houses unhabitable, there are no allegations of trespass on plaintiff's land, or injury to the freehold, and case would have been the proper remedy before the adoption of the Code, a claim of title to land is not in issue, within Code Civil Proc. N. Y. § 3228, subd. 1, providing that plaintiff is entitled to costs of course on the rendering of a final judgment in his favor in an action triable by jury, in which a claim of title to land arises on the pleadings, as plaintiff need-only prove possession.

2. SAME—PLEADING—IMMATERIAL ALLEGATIONS.
    Plaintiff's allegation that she was the owner of the houses, and defendant's joinder therein, did not raise the issue of title to land, as such allegation was not necessary to enable plaintiff to sue, and need not be proved.

3. APPEAL—APPEALABLE ORDER—DENIAL OF COSTS.
    An appeal lies from an order denying a statutory right to costs.

Appeal from city court, general term.

Action by Virginia J. Quinn against Herman T. Winter for damages for the maintenance of an alleged nuisance. Code Civil Proc. N. Y. § 3228, subds. 1, 4, provide that plaintiff is entitled to costs, of course, on a final judgment in his favor, in an action in which a claim of title to real property arises on the pleadings, or is certified to have come in question on trial, or in an action for money where the judgment amounts to $50 or more. Verdict for plaintiff for six cents damages, and from an order which reversed an order vacating a judgment in favor of plaintiff for costs defendant appeals.

Argued before LARREMORE, C. J., and DALY and VAN HOESEN, JJ.

*Geo. W. Blunt,* for appellant. *Henry W. Leonard,* (*T. M. Tyng,* of counsel,) for respondent.

VAN HOESEN, J. The right to costs that a positive statutory provision awards to a party on the happening of a certain event is a substantial right, and an appeal lies from an order that denies such a right. *Sturgis* v. *Spofford,* 58 N. Y. 103.

As the plaintiff recovered no more than six cents as damages in an action cognizable by a justice of the peace, the defendant is, under the Code, entitled to costs, unless the title to land was brought in question by the pleadings. There is in this case no certificate of the justice that a claim of title arose on the trial. The only inquiry that we are called upon to make is this: Did a claim of title arise upon the pleadings? To that inquiry only one answer can be made. A question of title arises where the plaintiff must prove the ownership of land in order to succeed, or where he is under the obligation of proving his right to the possession of the land. If it be sufficient for him to show merely that he is in possession, without proving either title or his right to the possession of the land, there is no reason for saying that a claim of title is involved in the issue to be tried. The plaintiff sought in this action to recover damages because the defendant, by tainting the atmosphere and by loud noises, rendered her houses unfit for habitation. The nuisance that caused the noise and the pollution of the air was situated upon the land of the defendant. No trespass upon the plaintiff's land is alleged, but an action of trespass on the case would have been the plaintiff's remedy under the forms of pleading that prevailed before the Code was adopted. There is no allegation of any injury to the freehold. The injury is necessarily of an intermittent and transient character, for it proceeds from the use of a screen for sifting coal. The disuse of the screen would terminate the nuisance. The use of the screen makes the occupation of the plaintiff's houses uncomfortable at

[1] Reversing 4 N. Y. Supp. 865.

times, and this action is, as has been said, to recover damages for such discomfort. It was not for the defendant to call in question the right of possession of any occupant of the plaintiff's houses who had been aggrieved by the nuisance. There is nothing to show that the plaintiff did not herself dwell in one of the houses. The questions to be litigated are—*First*, was the plaintiff in possession of the houses? and, *secondly*, did the nuisance that the defendant maintained upon his premises seriously annoy her, and prevent her full enjoyment of her houses? The only question then remaining is as to the quantum of damages. It will be seen that the question of title did not necessarily arise, nor was the plaintiff under the necessity of proving her right to the possession of her houses. As against a wrong-doer, naked possession is all that the plaintiff was under obligation to prove; and the person maintaining a nuisance is a wrong-doer. Wood, Nuis. § 825. It is apparent, therefore, that a claim of title was not part of the issues to be tried.

It is said, however, that the plaintiff herself dragged the question of title into the case by alleging in her complaint that she is the owner of the houses, and that the defendant joined issue upon that allegation. The answer to that suggestion is that the allegation of ownership is unnecessary, and, though made, need not be proved. It was otherwise at the common law, for the rule used to be that "a party may in general traverse a material allegation of title or estate, to the extent to which it is alleged, though it need not have been alleged to that extent." Steph. Pl. marg. p. 247, and note 11 of second appendix. The court of appeals has decided that that rule is no longer in force, and so has the supreme court; so that it must now be considered as settled in the state of New York that by alleging that she was the owner the plaintiff did not bind herself to prove her title, since bare possession was sufficient to maintain her action. The following authorities will be found to support the views that I have expressed: *Ehle* v. *Quackenboss*, 6 Hill, 537; *Rathbone* v. *McConnell*, 20 Barb. 311, 21 N. Y. 466. The result of the examination I have made of all the cases cited by Mr. Tyng is to satisfy me that the title to land did not arise upon the pleadings, and that the defendant has a statutory right to the costs of the action. The order and judgment appealed from must be reversed, with costs. All concur.