### BRUEN v. MANHATTAN RY. CO. et al.

(*Common Pleas of New York City and County, Special Term.* .January 5, 1891.)

RIGHT TO COSTS—CLAIM OF TITLE TO LAND.

Proof of title is necessary to maintain an action against an elevated railroad company for damages for interference with the easements of an owner of land abutting on a street in which the road is constructed and operated; and, where the landowner's title is put in issue in such an action, a claim of title to real property arises on the pleadings, within the meaning of Code Civil Proc. N. Y. § 3228, which provides that plaintiff is entitled to costs of course when final judgment is rendered in his favor in an action "in which a claim of title to real property arises upon the pleadings."

Action by Bruen against the Manhattan Railway Company and another for damages to plaintiff's easements in a street in front of plaintiff's premises, caused by the construction of defendants' road therein. Plaintiff recovered six cents damages, and judgment for costs was rendered in defendants' favor. Plaintiff now moves that the adjudication of costs in defendants' favor be set aside, on the ground that the title to real property came in question at the trial. Code Civil Proc. N. Y. § 3228, provides: "The plaintiff is entitled to costs of course upon the rendering of final judgment in his favor in * * * (1) an action * * * in which a claim of title to real property arises upon the pleadings, or is certified to have come in question at the trial."

*Whitehead, Parker & Dexter*, for plaintiff. *Davies & Rapallo*, for defendants.

DALY, C. J. The complaint alleged that the plaintiff was the owner in fee of the house and lot 118 West Third (formerly Amity) street, and the owner of an easement in the street to have the same kept open as a public street, and alleges the construction and operation of the elevated railroad upon said street, and interference with plaintiff's easements. The defendants deny any knowledge or information sufficient to form a belief as to the allegation of ownership. Upon the trial the plaintiff proved her title by deed to the premises in question, and the opening of Amity street as a public street. A claim of title arises upon the pleadings, and comes in question upon the trial of such an action as the present. The sole ground of plaintiff's claim is the interference with easements in the public street appurtenant to the lot which she owns. She must prove title to the lot to recover. If there were a defect in her title or right to possession, she could not recover. In *Dean* v. *Railroad Co.*, 119 N. Y. 540, 23 N. E. Rep. 1054, a new trial was ordered for want of proof of title in the plaintiff. That, like the present, was an action at law to recover damages caused by the construction and maintenance of the elevated railroad in front of plaintiff's premises. It was "an action to recover for an injury in the nature of a trespass." The question litigated was as to plaintiff's title and possession. He gave in evidence a deed of the premises executed to him after the commencement of the action, and, there being no other evidence of title, the recovery was set aside. As it was necessary, therefore, for the plaintiff, in order to recover for the injury to his freehold, to allege and prove his title, the question of title arose upon the pleadings. *Kelly* v. *Railroad Co.*, 81 N. Y. 233.

It is contended by the defendants that this case is governed by the decision in *Rathbone* v. *McConnell*, 21 N. Y. 466. That was an action for the diversion of water, the complaint alleging the plaintiff to be the owner and in possession of land and entitled to the benefit of the stream which flowed upon it; and it was held that a denial of each and every allegation of the complaint did not present a claim of title, "as the plaintiff need only prove possession, the defendant did not set up any title to the plaintiff's close, and it was not to be presumed that the plaintiff would undertake to give any other evidence of title than that which he alleged, to-wit, possession, or that any question of paper title would be litigated on the trial." So far as it may be contended that this case is an authority for the proposition that no claim of title arises upon the pleadings, unless the defendant sets up title to some part of the property described in the complaint, the decision is fully explained by the ruling in the case of *Kelly* v. *Railroad Co.*, above cited. The opinion in the latter case notices the contention "that inasmuch as title in the defendant was not set up, and proof of possession would have sufficed to maintain the action, the issue upon the question of title was immaterial;" and holds that "the position might be sound if the complaint claimed damages only for the invasion of plaintiff's possession," but not where damages to the freehold was claimed; and that, to entitle him to recover for injury to the freehold, it was

necessary to allege and prove his title.  It may be considered as settled that proof of naked possession alone is not sufficient to sustain the action, now so familiar to our courts, for interference with the enjoyment of easements in the street, suffered by the owner or lessee of premises abutting on the streets in which the elevated railroads are constructed and operated.  Proof of title to the premises being necessary to maintain the action, a claim of title to real property arises upon the pleadings, whenever it is alleged in the complaint and denied by the answer, and always comes in question upon the trial, unless the title of the plaintiff is conceded.  The case of *Quinn* v. *Winter*, 7 N. Y. Supp. 755, relied upon by defendants, does not conflict with this view.  The action was for an injunction, restraining the defendant from using an engine on his own premises, and creating dust and noise, rendering plaintiff's premises uninhabitable.  We held in that case that naked possession alone, without title, was sufficient to maintain such an action against a wrong-doer; that it was not for such wrong-doer to call in question the right of possession of any occupant of the house; and we held that claim of title did not arise upon the pleadings.  A late decision of the superior court, special term, in the case of *Jones* v. *Metropolitan El. R. Co.*, is cited as in conflict with the conclusion now arrived at.  That decision is placed upon the ruling in *Rathbone* v. *McConnell*, above cited; but it does not appear that the case of *Kelly* v. *Railroad Co.*, above referred to, was brought to the attention of the court.  The application will be granted, without costs.