RACHAEL S. LYNK, by Guardian, etc., Respondent, *v.* CHARLES WEAVER, Appellant.

In the provision of the Code of Civil Procedure (§ 738), authorizing an offer of judgment by a defendant and providing that if plaintiff does not serve notice of acceptance and "fails to obtain a more favorable judgment, he cannot recover costs from the *time of the offer*, but must pay costs from that time," the words "time of the offer" mean "date of the offer;" it speaks as of the date when it was made.

Defendant offered judgment for a certain amount, "with costs to date;" the offer was not accepted.   Plaintiff recovered judgment for less than the amount offered, but was allowed costs on the ground that the offer was a nullity and did not protect defendant against costs subsequent to the offer, because of the addition of the words "to date," as plaintiff, in case of acceptance, would have been obliged to incur the fees for entry of judgment.   *Held*, error; that the costs of judgment were a portion of the costs "to date," and that those words were mere surplusage.

Under the provision of the Code of Civil Procedure (§ 3228), specifying the cases in which a plaintiff is entitled to costs, all actions for trespasses on lands, so far as costs are concerned, stand on the same footing, and in an action for the recovery of treble damages, as well as in other actions of trespass where the title to the premises is not put in issue, if plaintiff recovers less than fifty dollars damages, not he, but the defendant is entitled to costs.   (§ 3229.)

The clause in said provision giving to plaintiff costs on recovery of judgment, irrespective of amount, "where a claim of real property arises on the pleadings," refers to a case where plaintiff's title is disputed by the answer.

No claim of title arises in an action of trespass on lands upon a mere assertion of title in the complaint, which is not denied by the answer, and in such case plaintiff, upon a recovery of less than fifty dollars, is not entitled to costs.

Such an action is one to recover damages for "an injury to property" (Code Civ. Pro. § 2862), and so, unless the title is put in issue, is one of which a justice of the peace can take cognizance.

(Submitted June 1, 1891; decided October 6, 1891.)

APPEAL from order of the General Term of the Supreme Court in the third judicial department, made December 12, 1890, which affirmed an order of Special Term denying a motion for a retaxation of costs.

The plaintiff brought this action in the Supreme Court to recover damages for injuries to her real estate, and she recovered a verdict for thirty dollars. Both parties claimed the costs of the action and the clerk taxed them in favor of the plaintiff.

The facts, so far as material, are stated in the opinion.

*Simon Calkins* for appellant. The only pleadings in this action are the complaint and the amended answer. (Code Civ. Pro. § 542; *S. C. Bank* v. *Garlinghouse,* 4 How. Pr. 174; *Hinkley* v. *T. & A. R. R. Co.,* 42 Hun, 281; *Kline* v. *Cary,* 18 id. 524; *Ostrander* v. *Conkey,* 20 id. 421.) No claim of title to real property arises upon the pleadings in this action. (Code Civ. Pro. § 1645; *Koon* v. *Mazuzen,* 6 Hill, 45; *Wickham* v. *Seeley,* 18 Wend, 649; *Crowell* v. *Smith,* 35 Hun, 182; *Bailey* v. *Daigler,* 50 id. 538; *Kelley* v. *N. Y. & M. B. R. R. Co.,* 18 id. 363; 81 N. Y. 233; *Heintz* v. *Dellinger,* 28 How. Pr. 39; *Turner* v. *Van Riper,* 43 id. 33; *Burnet* v. *Kelley,* 10 id. 406; *Main* v. *Cooper,* 25 N. Y. 180, 184; *Dunster* v. *Kelley,* 110 id. 558; *Craven* v. *Price,* 37 How. Pr. 15.) The defendant is entitled to costs of course in this action. (Code Civ. Pro. §§ 2514, 2862, 2951, 2956, 2957, 3228, 3229; *Reilly* v. *Davies,* 4 Santv. 722; *Broughton* v. *Wellington,* 10 Wend. 566; *Sturgis* v. *Spofford,* 58 N. Y. 103; *Clow* v. *Van Loan,* 4 Hun, 184; *Adams* v. *Rivers,* 11 Barb. 390; 6 Hill, 45; 18 Wend. 649.) The appellant's objections before the clerk to the adjustment of costs for the

respondent should have prevailed. (*Turner* v. *Van Riper*, 43 How. Pr. 33.) In any event the defendant is entitled to costs after the offer of judgment for seventy-five dollars, with costs to date, the recovery being but thirty dollars. (Code Civ. Pro. § 738; *Magnin* v. *Dinsmore*, 15 Abb. Pr. [N. S.] 331.) The orders of the Special and General Terms of the Supreme Court should be reversed, the judgment vacated, a new taxation of costs ordered, with costs and printing disbursements. (*Jones* v. *Cook*, 11 Hun, 230.)

*Alonzo P. Strong* for respondent. It was necessary for the plaintiff to allege as a substantive part of her action title in fee to the *locus in quo.* A "claim of title to real estate arises upon the pleadings," therefore, within subdivision 1, section 3228 of the Code of Civil Procedure, and the plaintiff is entitled to costs as a matter of right, independent of the amount of the recovery. (*Edwards* v. *Noyes*, 65 N. Y. 125; Code Civ. Pro. §§ 1665, 3228; *O'Reilly* v. *Davies*, 4 Sandf. 723; *Niles* v. *Lindsley*, 8 How. Pr. 131; *Snyder* v. *Beyer*, 3 E. D. Smith, 255; *Burnet* v. *Kelly*, 10 How. Pr. 406; *Rathbone* v. *McConnell*, 21 N. Y. 466; *Squires* v. *Seward*, 16 How. Pr. 478; *Van Dusen* v. *Young*, 29 N. Y. 9; *Kelly* v. *N. Y. & M. B. R. R. Co.*, 81 id. 233; *Cornell* v. *Smith*, 35 Hun, 182; *Kunster* v. *Kelly*, 110 N. Y. 558; *Glackin* v. *Zellar*, 52 Barb. 147; *Bradner* v. *Howard*, 14 Hun, 421; 75 N. Y. 417; *White* v. *Place*, 40 Hun, 481; *Sherry* v. *Cary*, 111 N. Y. 514.) The offer of judgment in this case was for seventy-five dollars with costs to the date of the offer. Such an offer is a nullity, and confers no right to costs subsequently accruing, though the recovery be less than the amount offered. (*Leslie* v. *Walrath*, 45 Hun, 18; *McFarren* v. *St. John*, 14 id. 387; *Riggs* v. *Waddell*, 88 N. Y. 586.)

Earl, J. The plaintiff, in her complaint, alleged that she was seized of certain land, subject to an estate in her mother, who was entitled to the use and possession of the same during her minority, and that the defendant wrongfully and unlawfully entered upon the land and cut and removed therefrom

certain trees of the value of three hundred dollars, and thus diminished her inheritance to that amount, and she claimed that the defendant had thus forfeited to her under the statute and become liable to pay her treble the amount of such damages, and she demanded judgment for $900. The defendant, in his answer, expressly admitted plaintiff's title and all the allegations in the complaint in reference thereto, and alleged that he had entered into a contract with the owner of adjoining land to cut trees thereon; that there was no fence or perceptible division line between such land and her lands, and that while he believed he was cutting trees upon such adjoining land he casually and involuntarily cut trees over the boundary line upon her land, and that the trees he thus cut did not exceed in value $35. At the same time with his answer he served upon her attorney, in writing, an offer to allow judgment to be entered against him "for seventy-five dollars, besides costs to date." This offer her attorney declined to accept, and the action was brought to trial at a Circuit Court. The litigation at the trial was confined to the amount of damages, and to the question whether the trespass was willful or casual and involuntary. Two questions were submitted to the jury and answered by them: (1) "What was the actual damage done by the defendant to the plaintiff's estate in the land described in the complaint by the cutting and removing wood and timber therefrom at the times mentioned in the complaint?" Answer. "Thirty dollars." (2) "Was such cutting and removal casual and involuntary?" Answer. "Yes." Upon this verdict judgment was entered against the defendant for the thirty dollars, and $129.93 costs.

It is thus seen that the defendant has had a hard measure of justice. He defeated the plaintiff upon all the issues tried. She claimed nine hundred dollars damages against him. He did not deny in his answer that he had done her some damage, but alleged that it did not exceed thirty-five dollars, and he offered her judgment for seventy-five dollars. She recovered only thirty dollars, and yet he has thus far been held liable for all the costs.

The court below held that the offer of judgment given by the defendant was a nullity and did not protect him against the costs subsequent to the offer because he added at the end thereof the words " to date," and that thus the plaintiff, if she had accepted the offer, would have been obliged to incur the expense of fifty cents for the entry of judgment upon the offer. This is an erroneous view. The plaintiff could at once have accepted the offer and have entered judgment on the same day and could then have taxed the expense of entering the judgment. The cost of entering the judgment was a portion of the costs " to date." The words " to date " were mere surplusage, and they add nothing to the force and effect of the offer. This appears quite plain by reference to section 738 of the Code, under which the offer was made. The last clause of that section is as follows: If " the plaintiff fails to obtain a more favorable judgment, he cannot recover costs from the time of the offer, but must pay costs from that time." If the plaintiff in such a case declines to accept the offer and does not obtain a more favorable judgment, the time of the offer is the dividing line as to costs. Obviously the words " time of the offer," mean the same as the " date of the offer." When a defendant offers judgment " with costs," the offer speaks as of the time or date when it is made, and the plaintiff in such a case cannot recover costs from that time or date, but must from that time or date pay the costs. The defendant's offer was, therefore, an effectual offer, and adequate to protect him against costs. and to entitle him to costs from that time or date.

But we must go further. The plaintiff was not entitled to any costs, because her recovery was less than fifty dollars, and the defendant was entitled to all the costs of the action.

It was provided in the Revised Statutes (2 R. S. 613, § 3, subdivisions 1 and 2) that the plaintiff recovering judgment should recover costs as follows: (1) " In all the actions relating to real estate enumerated in the fifth chapter of this act, and in all proceedings to recover the possession of land forcibly entered or detained. (2) In all actions in which the title to

lands or tenements, or a right of way, or a right by prescription or otherwise to any easement or any land, or to overflow the same, or to do any other injury thereto, shall have been put in issue by the pleadings, or shall have come in question on the trial of the cause." Among the actions enumerated in the fifth chapter referred to are actions " of trespass on lands for the recovery of treble damages." Notwithstanding these provisions, it was held in *Wickham* v. *Seely* (18 Wend. 649) that a plaintiff in an action of trespass *quære clausum fregit*, prosecuted in the Supreme Court — not under the statute giving treble damages — recovering less than fifty dollars damages, was not entitled to costs, but was bound to pay costs to the defendant, although the *locus in quo* was uninclosed, unoccupied and uncultivated, because the defendant did not put his title in issue. The effect of that decision was that in all actions of trespass, where treble damages were not claimed, the defendant would recover the costs of the action if he did not put in issue the plaintiff's title, although the plaintiff alleged title in his complaint, unless the plaintiff recovered at least fifty dollars. The action of trespass on lands to recover treble damages was the only exception to the rule that where a plaintiff could commence and try his action in Justices' Court, and yet commenced his action in the Supreme Court, he was obliged to recover at least fifty dollars to entitle him to costs. The distinction as to costs between ordinary actions of trespass on lands and trespass to recover treble damages no longer exists. All actions for injuries to lands now, as to costs, stand on the same footing, and the scheme and policy of the law are absolute that the plaintiff shall not recover costs in the Supreme Court in any case where he could have commenced and tried his action in a Justice's Court, unless his recovery shall be at least $50.

In the Code of 1848, subdivision one of section 259 was substituted and made to embrace the substance of subdivisions one and two of the sections of the Revised Statutes above quoted, and it gave the plaintiff costs " in an action for the recovery of real property, or where a claim of title to real

property arises on the pleadings or is certified by the court to have come in question at the trial." The same provision is now found in subdivision one of section 3228 of the Code as follows: "An action triable by a jury to recover real property or an interest in real property, or in which a claim of title to real property arises on the pleadings or is certified to have come in question upon the trial." Under the Revised Statutes the requirement was that the plaintiff's title must have been "put in issue by the pleadings." Now the requirement is that a claim of title must "arise upon the pleadings." We think the meaning in both cases is substantially the same. The provision in the Code is a mere revision of the prior law, and in such a case a mere change of phraseology must not be deemed or construed to change the law unless it evidently appears that such was the intention of the legislature. (*Taylor* v. *Delancy*, 2 Caine's Cases, 143; *Goodell* v. *Jackson*, 20 Johns. 693; *Matter of Brown*, 21 Wend. 316; *Hall* v. *Western Trans. Co.*, 34 N. Y. 284.)

It has never, prior to the decision now under review, been decided in any case, either under the Revised Statutes or under the Code, so far as we can find, that a plaintiff can recover his costs in the Supreme Court in an action of trespass on lands where the allegation of title in his complaint is admitted, or not put in issue by the answer, unless his recovery be at least fifty dollars. On the contrary, the decisions are uniform to the effect that in such a case he cannot recover the costs, but the defendant can. (*O'Reilly* v. *Davies*, 4 Sandf. 723; *Snyder* v. *Beyer*, 3 E. D. Smith, 235; *Niles* v. *Lindsley*, 8 How. Pr. 131; *Burnet* v. *Kelly*, 10 id. 406; *Squires* v. *Seward*, 16 id. 478; *Utter* v. *Gifford*, 25 id. 289; *Earl of Craven* v. *Price*, 37 id. 15; *Turner* v. *Van Riper*, 43 id. 33; *Lillis* v. *O'Conner*, 8 Hun, 280; *Learn* v. *Currier*, 15 id. 184; *Green* v. *Trustees*, etc., 30 id. 306; *Crowell* v. *Smith*, 35 id. 182; *Bailey* v. *Daigler*, 50 id. 538; *Kelly* v. *N. Y. & M. B. R. R. Co.*, 81 N. Y. 233; *Dunster* v. *Kelly*, 110 id. 558.) These cases all involved the construction of the language contained in subdivision 1 of section 3228, and the meaning of the phrase "a claim of

title to real property arises upon the pleadings," and they determine beyond any question that a claim of title does not arise by the mere assertion of title in the complaint, even in a case where, if the title were disputed, it would be incumbent upon the plaintiff to prove it at the trial. A claim of title in the complaint is not a claim of title upon the pleadings. Where, viewing all the pleadings, there is no issue or dispute about the title, in no legal sense can it be said that a claim of title arises upon the pleadings. The phrase has reference to a case where both parties in the pleadings claim the title, or where one claims it and the other disputes it. This construction of the phrase preserves the historic continuity of the law and enforces the policy of the law which seeks to compel a plaintiff in cases where his claim is under fifty dollars to sue in a Justice's Court in all cases where that court has jurisdiction.

It is not disputed that this action upon these pleadings could have been commenced and tried in a Justice's Court. The law prohibits justices from trying and determining disputed titles to real estate. Here there was no dispute about the title. That was admitted, and the question of damages was really the only one to be tried and determined. The action was to recover damages for an injury to property. (Code, § 2862, subd. 2.)

The counsel for the plaintiff thinks great inconvenience and injustice may flow from the holding that the plaintiff cannot recover costs in such a case as this, and he calls our attention to section 2956 of the Code, which provides for a case where the action for an injury to real estate is commenced in a Justice's Court and the defendant does not interpose a plea of title and give the undertaking required in such a case. The section is as follows: " If, however, it appears upon the trial, from the plaintiff's own showing, that the title to real property is in question and the title is disputed by the defendant, the justice must dismiss the complaint with costs and render judgment against the plaintiff accordingly." His claim is that in the cases contemplated by this section the defendant may dispute the title of the plaintiff and thus oust the justice from jurisdiction, and then when the plaintiff commences his action

Opinion of the Court, per EARL, J.

in the Supreme Court admit his title and thus impose the costs there upon him. Of course, if that could be done in a case like this, there would be a mischief unprovided for by the law. We do not now determine whether the practice suggested by the plaintiff's counsel could be successfully pursued by a defendant in such a case as this. We are, however, inclined to the opinion that it could not be, and that when such a case arises it will be found that the difficulty suggested does not exist. It is sufficient to say now that this is not such a case. Here the plaintiff did not in the first instance commence her action in a Justice's Court. If, however, we should uphold the plaintiff's contention in this case, injustice would result in another direction. Then the plaintiff could generally, in action of trespass, by alleging in his complaint title as the basis of his action, maintain that a claim of title arose on the pleadings and could thus, for any trivial trespass where he knew there was no dispute about his title, recover costs in the Supreme Court, and this could always be done when the trespass related to unoccupied, vacant lands not in the actual possession of the plaintiff. The conclusion which we have reached is supported by the plain meaning of the statute, and by the general policy of the law.

The orders of the General and Special Terms should be reversed and the motion granted, with costs of the appeals to the General Term and to this court, and ten dollars costs of the motion.

All concur.

Orders reversed.