The question presented for review is, whether an appeal lies to this court from a judgment of an Appellate Division of the Supreme Court, reversing a judgment and order and granting a new trial, when the appeal to that court was not only from a judgment entered upon the verdict of a jury, but also from an order denying a motion for a new trial upon the ground that the verdict was against the weight of evidence. The decision of this question depends upon the construction of section 1338 of the Code of Civil Procedure, as amended by chapter 946 of the Laws of 1895. Prior to that amendment the section was in these words: "Upon an appeal to the Court of Appeals from a judgment, reversing a judgment entered upon a referee's report, or a decision of the court, upon a trial without a jury; or from an order granting a new trial, upon such a reversal; it must be presumed, that the judgment was not reversed, or the new trial granted, upon *Page 280 
a question of fact, unless the contrary clearly appears in the body of the judgment or order appealed from. In that case, the Court of Appeals must review the determination of the General Term of the court below, upon the questions of fact, as well as the questions of law."
Under the section as it then stood, when the appeal to the General Term was from both the judgment and the order, the presumption that the reversal was based upon the law, unless the contrary appeared by the record, did not extend to a judgment entered upon a verdict, and hence it was repeatedly held that in such a case, where there was a conflict of evidence so that the reversal might have been based upon the facts, an appeal could not be taken to this court unless it appeared that the order was affirmed as to the facts or the appeal therefrom was dismissed, "because it might result in depriving the party against whom the judgment at circuit was rendered of the review by the General Term of the facts to which the law entitles him." (Williams v.D., L. W.R.R. Co., 127 N.Y. 643; Chapman v. Comstock,134 N.Y. 509.)
In 1895 said section was amended so as to read as follows: "Upon an appeal to the Court of Appeals from a judgment, reversing a judgment entered upon the report of a referee or a determination in the trial court; or from an order granting a new trial, upon such a reversal; it must be presumed that the judgment was not reversed, or the new trial granted upon a question of fact, unless the contrary clearly appears in the record body of the judgment or order appealed from."
It is argued by the appellant that the change in language is not formal, but substantial, and indicates an intention to change the procedure so as to assimilate the practice in actions tried before a jury to that in actions tried before a referee or before the court without a jury. It is insisted that the expression "a determination in the trial court" is stronger than if the section said "a decision of the trial court," and that it is strong enough to embrace the verdict *Page 281 
of a jury as one of the methods of determination intended by the legislature. This reasoning is not without force and might be controlling if section 1338 alone had been changed by the act which amended it, as that would be a special enactment, having, presumptively, a special purpose, but this was not the fact. Owing to the adoption of the new Constitution it became necessary to revise the Code of Civil Procedure so as to adapt it to the changes made in the fundamental law, and accordingly we find that section 1338 was only one of two hundred and twenty-five sections that were amended by the same act, not including seventy-one sections that were repealed outright. (L. 1895, ch. 946.) Under these circumstances, a change in the manner of expression does not necessarily indicate a change in meaning, for the rule in the case of a revision of statutes is that where the law, as it previously stood, was settled either by adjudication or by frequent application of the statute without question, a mere change in the phraseology is not to be construed as a change in the law, unless the purpose of the legislature to work a change is clear and obvious. (Taylor v. Delancy, 2 Cai. Cas. 142, 151; Goodell v. Jackson, 20 John. 693, 722; Matter ofBrown, 21 Wend. 316, 319; Theriat v. Hart, 2 Hill, 380;Gaffney v. Colvill, 6 Hill, 567, 574; Croswell v. Crane,
7 Barb. 191, 195; Hughes v. Farrar, 45 Me. 72.) An examination of the different sections of the Code that were revised by the act under consideration shows many changes in phraseology that were obviously made for the sake of brevity, or clearness, or what was supposed to be an improvement in the form of expression. Thus, in the very sentence of section 1338, now under review, we find an example of the latter in the substitution of the words "the report of a referee," for "a referee's report." Here, clearly, there was no change in meaning, but simply a change in the style of expression, with the object of reforming the language. An effort to improve in clearness appears in the last clause of the same sentence, where "the body of the judgment" is converted into "the record body of the judgment." The changes made by said statute, having no apparent purpose *Page 282 
except to promote conciseness, are too numerous to admit of specification. If it was the intention of the legislature to place all appeals upon the same footing, so far as the section relating to presumptions is concerned, there was no necessity of specifying the different kinds of judgments by referring to what they were entered upon. If all were to be included, both clearness and brevity would have been promoted by saying so, and omitting the enumeration as superfluous. But if any enumeration were to be made, so radical a change in the practice, which, after much litigation, was definitely settled and well understood, as the inclusion of a judgment entered upon a verdict, would ordinarily be set forth clearly and specifically, rather than concealed under a doubtful generality. The expression, "a determination in the trial court," obviously includes "a decision of the court upon a trial without a jury," but, according to common parlance and the general understanding, would not include the verdict of a jury. (Code Civ. Pro. § 3343.) It would be a peculiar, if not an unprecedented definition, to describe the verdict of a jury as a determination in a trial court. Neither lawyers nor legislators have been accustomed to so express themselves, for whatever the legal theory may be, in fact the verdict of a jury is commonly spoken of and regarded as a determination made out of court and reported to the court. When a statute relating to procedure is satisfied by a construction which, when based on the ordinary signification of language, accords with the established practice, it should not be so construed as to disrupt that practice, when, in order to do so, a strange and unusual, although, perhaps, a permissible, meaning must be given to the words used.
We are of the opinion, therefore, that the practice has not been changed by recent legislation, so far as the question discussed is concerned, and that the appeal should be dismissed, with costs.
All concur.
Appeal dismissed. *Page 283