In the Matter of the Appraisal under the Estate Tax Law of the Estate of EDWARD H. SOTHERN, Deceased.*

JULIA MARLOWE SOTHERN, Sole Executrix, etc., of EDWARD H. SOTHERN, Deceased, Appellant; NEW YORK STATE TAX COMMISSION, Respondent.

Third Department, July 11, 1939.

*Hayden & Post* [*W. K. Post* of counsel], for the appellant.

*Chris J. Flanagan* [*Mortimer M. Kassell, Harry T. O'Brien, Jr.,* and *Samuel Lorvan,* of counsel], for the respondent.

SCHENCK, J. The decedent in his lifetime entered into a contract with the Equitable Life Assurance Society under which, in consideration of the sum of $65,243.22, paid by decedent on December 24, 1928, the society agreed to pay him during his life an annuity of $6,510. The contract provided that in the event of the death

---

* Affg. 170 Misc. 805.

of decedent before the sum of payments made to him equaled the sum of $65,243.22 paid, the assurance society would continue the payments to his sister, if living, and if not living, to his wife, until the total amount of payments should equal the original payment made by decedent during his lifetime. The contract could be surrendered at any time after it had been in force two years and decedent would receive from the assurance society the cash surrender value of the remaining annuity payments necessary to complete the amount originally invested. The right to change the beneficiaries was reserved by decedent. At the time decedent entered into the contract he was sixty-nine years of age. He died October 28, 1933, having received four annual payments, totaling $26,040. At the time of his death the commuted surrender value of the policy was $35,391.33. Decedent's wife, as executrix, filed a tax return and therein claimed that the item of $35,391.33, the commuted surrender value under the contract, was exempt by virtue of the provisions of section 249-q of the Tax Law. This claimed exemption was disallowed and an order was entered assessing the tax upon that amount and from such order, an appeal was taken to the surrogate. The surrogate held that the surrender value of the annuity contract was properly included among the taxable assets of the estate of decedent, and an order thereon was entered fixing the taxable value of the estate, including the surrender value under the contract.

The sole question here presented is whether refund annuity payments to the beneficiaries under the contract entered into by decedent constitute an amount receivable as insurance upon the life of decedent so as to be exempt from the estate tax imposed by article 10-C of the Tax Law. Subdivision c of section 249-q of the Tax Law exempts from the estate tax so much of the amount required to be included in a decedent's gross estate under the provisions of subdivision 9 of section 249-r as does not exceed $100,000. The amount of the exemption allowed by subdivision c of section 249-q is set forth in subdivision 9 of section 249-r of the Tax Law, which reads: " To the extent of the amount receivable by all other beneficiaries as insurance under policies taken out by the decedent upon his own life, but only to the extent that such amount is required to be included in the gross estate under the provisions for the taxing of estates contained in any revenue act of the United States applicable to the estate of the decedent." There were certain other policies concededly exempt, but the total, together with the surrender value of the contract in question, was less than $75,000. Therefore, the only question presented to the surrogate and here presented on this appeal is — was the amount to be received

by decedent's sister and widow after his death " insurance under policies taken out by the decedent upon his own life " within the contemplation of the statute.

Appellant relies to a considerable extent upon the decisions in *Matter of Haedrich* (134 Misc. 741) and *Matter of Wilson* (143 id. 742). No appeal was taken from the decision of Surrogate FOLEY in *Matter of Wilson*, nor from the decision of Surrogate WINGATE in *Matter of Haedrich*. While the opinions in those cases were well reasoned, I cannot find that either applies here. In the *Wilson* case we find a joint survivorship annuity contract, which was treated by the surrogate as a policy of insurance. That contract differs from the one in question in that it was purchased by both the husband and wife, the latter being the surviving annuitant, and was irrevocable. There was no transfer upon the death of the first annuitant, as in the contract here under consideration, which was purchased by the decedent alone, who reserved the right to surrender the contract or change the beneficiaries at any time until his death.

*Matter of Haedrich* is readily distinguishable. There it was held that the proceeds of life insurance policies payable upon decedent's death to a trustee for the benefit of decedent's family were not taxable. In other words, in that case, decedent during his lifetime created a life insurance trust.

The contract now before the court for consideration does not contain the elements of a contract or policy of life insurance. This court has distinguished between insurance and annuity contracts and has held that amounts paid for annuities are not to be regarded as premiums for life insurance. In *People ex rel. Metropolitan Life Ins. Co.* v. *Knapp* (193 App. Div. 413; affd., 231 N. Y. 630) Mr. Justice KELLOGG, writing for the court says (at p. 415): " The typical case of life insurance is found when a person insured pays annually during his life a stipulated sum to an insurer in consideration of which the insurer engages to pay on the death of the insured a lump sum to a beneficiary. The typical case of an annuity is found where a purchaser pays down a lump sum to a grantor who engages himself to pay a beneficiary during life a stipulated sum annually. In the one case the insurer receives an annual sum during the life of another and pays out a lump sum upon a stipulated death. In the other the grantor presently receives a lump sum and begins to disburse annual payments during life. In the former case the insured ' insures ' a dependent or other person against the contingency of his death, and thereby seeks to make indemnity for a ' possible loss. In the latter case payments are immediately made without regard to the death of

the purchaser, and there is no indemnity feature whatever. The one is a provision *for death*, and the other is a provision *for life*."

Annuity contracts were considered in *People* v. *Security Life Ins. and Annuity Co.* (78 N. Y. 114). That case involved the assets of an insolvent life insurance company, and the following appears in the opinion (at p. 128): "There are several annuitants of this company — persons to whom the company for gross sums paid agree to pay certain sums annually during life; and the referee held that these persons were entitled to receive the present values of their annuities, computed upon the basis of the Northampton tables, with interest at six per cent. It is claimed on behalf of some of the appellants that in this there was error. I can perceive none. These are not cases of insurance, and they are not to be governed by any of the rules applicable to life insurance. They are cases simply where for a gross sum paid the company became bound to pay certain sums annually during the life of the annuitants."

We have here a situation where the surrender value under the contract was the amount of capital invested, less amounts returned in the form of annuity payments. The assurance society did not assume the ordinary risk of loss by death. Its only risk was that the decedent would live too long. On the other hand, in the case of an insurance company, the risk of the insurer is the death of the person whose life is the object of the security. (*St. John* v. *American Mutual Life Insurance Co.*, 13 N. Y. 31.) This annuity contract was not a contract of insurance whereby for a stipulated consideration the insurer undertakes to idemnify another against loss by a specified contingency, and in the case of life insurance the contingency is the death of the insured. Here the assurance society did not undertake to indemnify any one. It agreed to make certain annual payments during decedent's lifetime; it agreed that decedent could have the amount paid refunded to him during his lifetime, and it agreed that he could change the beneficiary. It assumed no risk, and in the event of death, it lost nothing.

The order appealed from should be affirmed.

HILL, P. J., CRAPSER, BLISS and HEFFERNAN, JJ., concur.

Order affirmed, with costs.