Otto C. Jaeger, S.
This is an appeal by the executrix from the pro forma order of the court fixing and determining the New York estate tax.
The decedent died on March 10, 1969. In his will he bequeathed his entire estate to his sister-in-law, Helen McKay Horchler, and named her sole executrix.
The decedent left a gross estate of $114,861.36 of which $71,915.20 represents life insurance proceeds. Deductions were allowed for debts and expenses in the sum of $6,445.05.
The basis for the appeal is the disallowance by the State Tax Commission of an insurance exemption credit on the proceeds of insurance policies on the life of the decedent, five of which were payable to the “ Estate of Martin H. Horchler ” and three *439 of which were payable to 16 Helen McKay Horchler, Executrix of the will of Martin H. Horchler, deceased ’ ’.
Subdivision (a) of section 958 of the Tax Law (art. 26) allows a credit against the tax for the exemptions specified in subdivision (b).
Subdivision (b) provides as follows:
11 (b) Exemptions. The interests in property and insurance eligible for exemption under this section shall be:
“ (3) The proceeds of # # * insurance on the life of the decedent receivable by a surviving spouse and includable in the New York gross estate * * *
“ (4) The proceeds of insurance on the life of the decedent receivable by beneficiaries other than a surviving spouse and includable in the New York gross estate ”.
The executrix claims the exemption under subdivision (b) (par. [4]) of section 958. The State Tax Commission contends that there is no exemption where the proceeds are receivable by the executor of the insured’s estate. The contention of the commission would undoubtedly be correct if former article 10-C of the Tax Law were still in effect.
Section 249-r of article 10-C set forth the items includable in a decedent’s gross estate and included insurance, as follows:
“ 8. To the extent of the amount receivable by the executor
“9. To the extent of the amount receivable by all other beneficiaries ’ ’.
Section 249-q of article 10-C set forth the specific exemptions granted the estate of decedent and subdivision “ c ” thereof granted the following insurance exemption: “ c. So much of the amount required to be included in the gross estate under the provisions of paragraph numbered nine of section two hundred forty-nine-r of this chapter as does not exceed ” (italics added).
It is clear that with respect to the insurance exemption the former statute distinguished between proceeds which were receivable by the executor and proceeds which were not receivable by the executor. The exemption was granted only when the proceeds were receivable by “ other beneficiaries ”, that is, beneficiaries other than the executor.
When, however, article 26 of the Tax Law was enacted, effective April 1, 1963, this distinction was eliminated. There is now no language which expressly or by implication limits the insurance exemption to proceeds receivable by beneficiaries other than the executor. Whether this change was intentional or the result of an oversight is not germane. The fact is that *440 the change was made and any further change must be by legislative amendment and not by some strained judicial interpretation. In effect, the Tax Commission would have the court read back into the statute limiting language which the Legislature deleted. This the court will not do.
It is noted again that former article 10-C speaks of insurance proceeds receivable by an executor and “ other beneficiaries ”. The same terminology is used in section 2042 of the Internal Revenue Code (U. S. Code, tit. 26, § 2042) to which the present Tax Law refers (§ 954, subd. [c]). It is apparent that now and in the past an executor has been recognized as a beneficiary for the purpose of receiving the proceeds of insurance. In the history of the statute (art. 26) the phrase “proceeds of insurance * * * receivable by beneficiaries” includes proceeds receivable by an executor.
Of course, an executor, in his fiduciary capacity, is not a beneficiary in the sense of being the one having the beneficial interest, but the statute contains no such requirement. The fact that insurance proceeds are payable to a fiduciary for the benefit of others does not, in itself, prevent such proceeds from qualifying for the insurance exemption.
In any event, in the present case, the executrix is also the sole legatee and, as such, has the entire beneficial interest. No part of the proceeds is required to pay debts or expenses. The amount to which she would otherwise be entitled as beneficiary of the estate will be augmented by an amount exactly equal to the insurance proceeds. On the facts here, she is the recipient of the insurance benefits as surely as if she were named beneficiary of the policies in her individual capacity.
The proceeds of the insurance are receivable by a beneficiary other than a surviving spouse and qualify for the insurance exemption credit. The order appealed from shall be modified accordingly.