In the Matter of the Estate of MARTIN H. HORCHLER, Deceased. STATE TAX COMMISSION, Appellant; HELEN M. HORCHLER, as Executrix of MARTIN H. HORCHLER, Deceased, Respondent.

Second Department, June 21, 1971.

*Edward H. Best* for appellant.

*Royall, Koegel & Wells* (*William W. Owens* of counsel), for respondent.

HOPKINS, Acting P. J.   The issue is whether proceeds of insurance on the life of a decedent, receivable by his executrix or estate, are proceeds receivable by " beneficiaries " and thus exempt from estate tax under the provisions of paragraph (4) of subdivision (b) of section 958 of the Tax Law.   The Surrogate has held that they are exempt from taxation (*Matter of Horchler,* 64 Misc 2d 438).   We hold to the contrary.

The decedent's gross estate was in the sum of $114,861.36, of which $71,915.20 represented the proceeds of eight insurance policies on the life of the decedent.   Five of the policies (issued by New York Life Insurance Company) were payable to the decedent's estate; and three of the policies (issued by New England Mutual Life Insurance Company) were payable to the executrix of his will, the respondent on this appeal.

Originally, the Surrogate signed a *pro forma* order submitted by the appellant State Tax Commission which found the proceeds of the eight insurance policies taxable.   The respondent appealed to the Surrogate from that determination (Tax Law, § 249-x). The Surrogate then held that the proceeds of the policies were exempt from taxation under the Tax Law (§ 958, subd. [b], par. [4]) and his previous order was resettled to reflect a credit of $1,657.46, attributable to the insurance moneys.

We agree with the Surrogate that the critical factor in the construction of the Tax Law is whether the Legislature intended to alter the prevailing common law and statutory rule at the time of its revision in 1962 (L. 1962, ch. 1013, eff. April 1, 1963) to command the result which he reached (*Matter of Horchler,* 64 Misc 2d 438, 439–440, *supra*). Clearly, at common law life insurance proceeds payable to the estate of a decedent or his personal representative were subject to tax (*Matter of Reed,* 243 N. Y. 199, 202; *Matter of Knoedler,* 140 N. Y. 377). In contradistinction, the proceeds of insurance policies on the life of the decedent payable to individuals were not taxable (*Matter of Haedrich,* 134 Misc. 741, 743–744, affd. 230 App. Div. 763, affd. 256 N. Y. 608).[1]

The statute prior to the 1962 revision enacted these rules into law (*Matter of Sothern,* 170 Misc. 805, 809, affd. 257 App. Div. 574). Thus, article 10-C of the Tax Law, in effect before the revision, provided (Tax Law, § 249-q) that the estate tax " shall not be payable with respect to

" a. The amount of the net estate transferred to and indefeasibly vested in a husband or wife     *     *     *.

" b. The amount of the net estate     *     *     * transferred to and indefeasibly vested in a lineal ancestor or descendant [and other relatives]     *     *     *.

" c. So much of the amount required to be included in the gross estate under the provisions of [§ 249-r, subd. 9]     *     *     * as does not exceed [specified amounts]     *     *     *."

Section 249-r of article 10-C of the Tax Law provided that " the value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property     *     *     *:

" 8. To the extent of the amount receivable by the executor as insurance under policies upon the life of the decedent;

" 9. To the extent of the amount receivable by all other beneficiaries as insurance under policies upon the life of the decedent to the extent that such amount is required to be included in the gross estate under the provisions for the taxing of estates contained in any revenue act of the United States applicable to the estate of the decedent."

These provisions, enacted in 1930 (L. 1930, ch. 710) and in force until the revision of 1962, effective on April 1, 1963 (see Tax Law, art. 26), clearly directed that a decedent's estate

---

1. The theory upon which the difference in treatment was bottomed was that the proceeds of policies payable to the decedent or his estate were property of which the decedent was seized at the time of death (*Matter of Reed,* 243 N. Y. 199, 202) — a condition not true in the instance of policies payable to others.

should include for tax purposes the proceeds of insurance on the life of the decedent payable to his executor (cf: *Matter of Mason,* 58 Misc 2d 301, 302–304, affd. 33 A D 2d 150). We read the revision of 1962 in the light of this historical setting and with the understanding that no general or material change in the existing law is intended by a revision, unless the legislative design to accomplish a change is evident (*Henavie* v. *New York Cent. & Hudson Riv. R. R. Co.,* 154 N. Y. 278, 281; *Lynk* v. *Weaver,* 128 N. Y. 171, 177).

Section 958 (subd. [a]) of article 26 — the revision of 1962 — provides for credits against the estate tax in the form of exemptions prescribed by section 958 (subd. [b]) as follows:

" (b) Exemptions. The interests in property and insurance eligible for exemption under this section shall be:

" (1) The amount of the New York taxable estate transferred to and indefeasibly vested in a surviving spouse.  *  *  *

" (2) The amount of the New York taxable estate transferred to and indefeasibly vested in each lineal ancestor or descendant [and other relatives]  *  *  *

" (3) The proceeds of insurance on the life of the decedent receivable by a surviving spouse and includible in the New York gross estate  *  *  *

" (4) The proceeds of insurance on the life of the decedent receivable by *beneficiaries* other than a surviving spouse and includible in the New York gross estate " (emphasis supplied).

These provisions plainly continue the exemption of life insurance proceeds payable to the wife and other beneficiaries and, at least to that extent, reflect the long standing rule. The provisions say nothing about the proceeds of insurance payable to the estate or to an executor; and, since the right of an exemption must be express (*New York R. T. Corp.* v. *City of New York,* 303 U. S. 573; *County of Herkimer* v. *Village of Herkimer,* 251 App. Div. 126, affd. 279 N. Y. 560), the conclusion might well be reached without more that no exemption for life insurance proceeds payable to the estate or to an executor has been granted — a result consistent again with the public policy of the State.

The respondent argues, however, that the word " beneficiaries " in section 958 (subd. [b], par. [4]) is all embracing, including the estate and an executor as well as named individuals, and hence that the exemption applies to insurance proceeds payable to the estate or an executor. If that were the construction to be placed on the statute, creating a turn around in the former law, it might be expected that such an important change would be signaled by the revisers. But that is not the case.

Instead, in the memorandum of the State Department of Taxation and Finance submitted in support of the revision, it was stated that "the new Article 26 * * * retains the existing pattern of exemptions found in Article 10-C, with such changes as were deemed appropriate to clarify the present statute" (McKinney's Sess. Laws of N. Y., 1962, vol. 2, 3538, 3541).[2] This is hardly the announcement of an abrupt switch by legislative design from an inured public policy. As was said of the revision of another statute (*Lynk v. Weaver,* 128 N. Y. 171, 177, *supra*): "The provision in the Code is a mere revision of the prior law, and in such a case a mere change in phraseology must not be deemed or construed to change the law unless it evidently appears that such was the intention of the legislature." (See, also, *Henavie v. New York Cent. & Hudson Riv. R. R. Co.,* 154 N. Y. 278, 281, *supra*; *People ex rel. Donegan v. Dooling,* 141 App. Div. 31, 32–33.)

In seeking the meaning of the statute, we must look to the purpose of the revision (cf. *Duparquet Co. v. Evans,* 297 U. S. 216, 220, 221). The revision, proposed by the State Department of Taxation and Finance, was to conform New York practice with Federal practice in estate taxation (McKinney's Sess. Laws of N. Y., 1962, vol. 2, 3538–3539), as had already occurred in the field of income taxation through legislation (L. 1960, ch. 563, § 1). Indeed, the policy of New York to shape its estate tax structure in accordance with Federal law had already been observed by the courts (cf. *People ex rel. Mosbacher v. Graves,* 254 App. Div. 438, affd. 279 N. Y. 793; *Matter of Rogers,* 269 App. Div. 551, affd. 296 N. Y. 676). However, Federal statutes have always provided that insurance proceeds payable to the executor were taxable (Revenue Act of 1918, § 402, subd. [f]; and see U. S. Code, tit. 26, § 2042, subd. [1]), and the respondent's construction of the revision puts New York practice at war with the Federal practice.

In short, we think that the statute must be read not narrowly, as it might be parsed, but in context with the then current law and the contemporaneous explanation which accompanied its passage. As Judge LEARNED HAND said, "the meaning of a sentence may be more than that of the separate words, as a

---

2. It is noteworthy that the memorandum begins by saying that "the proposed revision of the estate tax is a continuation of the project of New York tax simplification by coordinating the New York law with federal law" (McKinney's Sess. Laws of N. Y., 1962, vol. 2, 3538). Moreover, in treating specifically with section 958, the memorandum states that "the personal exemptions under the present Article 10-C have been restated in the interest of clarification" (*ibid.,* p. 3546).

melody is more than the notes, and no degree of particularity can ever obviate recourse to the setting in which all appear, and which all collectively create '' (*Helvering* v. *Gregory,* 69 F. 2d 809, 810–811; and see *Cabell* v. *Markham,* 148 F. 2d 737, 739).

The respondent urges that *Matter of Mason* (58 Misc 2d 301, affd. 33 A D 2d 150, *supra*) and *Matter of Phelan* (51 Misc 2d 742) support the construction which she makes of the revision. We think that both are distinguishable. Each dealt with life insurance proceeds payable to trustees, who in a true sense are the representatives of individual beneficiaries under the trust. The decisions are therefore not in conflict with the public policy which carefully marked off the taxation of estate-owned proceeds of insurance policies from the exempt status of individually-owned proceeds of insurance policies.

Nor do we believe that the respondent's argument that she as both executrix and sole legatee of the estate must be considered a trustee of the insurance proceeds for herself is sound, for it misconceives her status as executrix. As a representative of the estate she owes a duty to pay debts and taxes, unlike a trustee whose sole responsibility runs to his *cestui que trust.* Doubtless New York policy recognized the desirable objective of allowing a benefit free of estate tax when conferred directly by means of insurance on a named individual, in contrast to the means of building the estate funds for the payment of taxes and debts through insurance payable to the executor who has the obligation to discharge those very debts and taxes. To destroy this recognized choice of action offered by settled practice requires more, we think, than the use of the language of the statutes before us — at least in the absence of clear legislative direction.

The order should accordingly be reversed, on the law, with $10 costs and disbursements to appellant, payable out of the estate, and the original *pro forma* order which disallowed any credit for the proceeds of life insurance payable to the estate or to the respondent should be reinstated.

SHAPIRO, GULOTTA, CHRIST and BENJAMIN, JJ., concur.

Order of the Surrogate's Court, Westchester County, dated November 5, 1970, reversed, on the law, with $10 costs and disbursements to appellant, payable out of the estate, and prior *pro forma* order of said court, dated June 9, 1970, reinstated.