John D. Bennett, S.
This is an appeal from the pro forma order fixing the New York estate tax in this estate.
The basis of the appeal is the executrix’ objection to the inclusion in the gross estate of the proceeds of three insurance policies totaling $55,834.75. The executrix, in the alternative, contends that if the proceeds are includible in the gross estate, they should qualify for the statutory exemption relating to insurance under section 249-q of the Tax Law.
The decedent was one of five members of a partnership engaged in the practice of public accounting. The partnership agreement of December 1, 1960 fixes the value of a retiring or deceased partner’s interest at the then book value of such partner’s capital account. In addition, in the case of death, such amount is increased or decreased by profits or losses in the fiscal year of death, less amounts in excess of salary.
While the various insurance policies on the lives of the partners are set out at length in the partnership agreement, including the three here in question, the agreement does not integrate these policies into the buy and sell arrangement by referring to what use, if any, is to be made of the proceeds. Of the three policies in question, one was owned by one of the partners and payable to the decedent’s wife as beneficiary. The other two were owned by and payable to the partnership as beneficiary.
Subsequent to the decedent’s death, the executrix and the surviving partners entered into an agreement whereby the proceeds of the two policies payable to the partnership were transferred to her in consideration of her assignment to the partners of insurance policies on their lives owned by the decedent. This post-death agreement with the partners recites: “ 0. The parties desire to proceed with the performance of Said Partnership Agreement in accordance with the provisions thereof and the intentions of the parties thereto.”
Although the widow has accordingly received the entire proceeds of the three insurance policies totaling $55,834.75, she claims that the partnership agreement of December 1, 1960 effectively restricts the valuation of the decedent’s partnership interest to the sum of $9,186.20, which has been arrived at by use of the method set forth in the partnership agreement.
While not disagreeing with the cases cited by the executrix which tend to support her contention that contracts may effeetu *555 ally restrict valuation, the State Tax Commission urges that the realities of the situation require a determination that the insurance proceeds represent additional value for the interest of the decedent in the partnership over and above the sum of $9,186.20.
In stressing that the agreement between the partners must govern the value and not any post-death arrangement, the executrix cites, among other cases, Matter of Vivanti (138 App. Div. 281). While this ease did, in fact, hold that the amount fixed by agreement controlled value, a reading of the case reveals that the final value taxed was not the sum fixed by the partnership agreement but the amount arrived at by agreement with the decedent’s widow after death.
In Matter of Cory (177 App. Div. 871), the Appellate Division, First Department, held that an option to purchase corporate stock at an agreed price at death did not fix the value of the stock. The majority of the court in the Cory case were concerned that the restrictive agreement affecting value “would open the door to unlimited devices to avoid the payment of transfer taxes” (p. 877). The dissenting opinion upheld the validity of the option price and answered the majority’s concern in language which has particular application to the present facts (p. 880): “ I am not unmindful of the fact that persons seeking to transfer their property to take effect after their death, naturally desire to have it transmitted undiminished by tax, and that ingenious schemes are adopted by fertile minds to evade the law. Where such attempt appears the courts have been swift to brush aside the form adopted and to consider the intent.”
While the partnership agreement is silent as to the disposition of the insurance proceeds, the subsequent agreement of October 10, 1961, together with other circumstances, effectively demonstrate that the intention of the partners in reality was to include the amount of such proceeds in the valuation of the decedent’s partnership interest, and the court so holds. In this connection the tax proceeding as filed states that the policies of insurance owned by the decedent on the lives of his copartners were assigned to the respective partners in pursuance of the agreement of partnership. This is another example of the actual though unexpressed intention of the parties concerning the insurance policies.
The executrix, in the alternative, argues that the proceeds of the three insurance policies, if includible in the gross estate, must qualify for the exemption provided for insurance under section 249-q of the Tax Law. This argument overlooks the *556 fact that the insurance proceeds as such are not includible in the gross estate but only fix part of the decedent’s interest in the partnership. The extent to which insurance is includible in the gross estate is determined by the “ revenue act of tile United States applicable to the estate of the decedent” (Tax Law, § 249-r, subd. 9). Section 2042 of the Internal Revenue Code of 1954 (U. S. Code, tit. 26, § 2042) provides that the proceeds of insurance policies on the life of the decedent are taxable only to the extent that “ the decedent possessed at his death any of the incidents of ownership ”. Since the decedent possessed no incidents of ownership in the policies in question, the insurance as such is not includible in the gross estate (1 Mertens Law of Federal Grift & Estate Taxation, § 9.15, p. 582). Also since section 249-q of the Tax Law grants an exemption to insurance only to the extent that it is included in the gross estate under section 249-r, no exemption is permissible with regard to the three policies here in question.
The order appealed from is affirmed.