Edward S. Silver, J.
This is an appeal by the executor from the pro forma order entered in the tax proceeding. The sole question presented is whether the estate is entitled to an exemption with respect to six life insurance policies on decedent’s life in the amount of $31,977.42.
On October 3, 1962 the decedent transferred to his son the life insurance policies in question. Following decedent’s death on January 2,1964, the net proceeds thereof were paid to decedent’s son as beneficiary. On schedule D of the Federal estate tax return the executor placed no value on said insurance, alleging that the decedent’s son was the absolute owner of these policies. After audit by the Internal Revenue Service the insurance was included in the Federal gross estate under schedule Gr as a transfer made by decedent in contemplation of death. In the proceeding to fix the New York estate tax the proceeds of such insurance were included as part of the gross estate, but the order fixing the tax did not allow an exemption for the insurance under article 26 of the Tax Law. On this appeal the executor argues that it is not the purpose of the Tax Law to deny an exemption for the proceeds of insurance included in the gross estate as a transfer in contemplation of death.
Subdivision (b) of section 958 of article 26, applicable to estates of persons dying on or after April 1, 1963, outlines the interests in property and insurance eligible for exemption, and in paragraph (4) states to be exempt: “ The proceeds of insurance on the life of the decedent receivable by beneficiaries other than a surviving spouse and includible in the New York gross estate.” The extent to which insurance is includible in the *255 New York gross estate is determined by subdivision (a) of section 954 of the Tax Law which provides, in part, that ‘ ‘ The New York gross estate of a deceased resident means his Federal gross estate as defined in the internal revenue code (whether or not a Federal estate tax return is required to be filed) ”. Subdivision (2) of section 2042 of the Internal Revenue Code of 1954 (U. S. Code, tit. 26, § 2042, subd. [2]) states that the proceeds of insurance policies on the life of the decedent are taxable only to the extent that “ the decedent possessed at his death any of the incidents of ownership ’
In the case at bar it is conceded by the estate that on October 3, 1962 the decedent transferred to his son the six insurance policies in question, and in the Federal tax return the estate alleged that decedent’s son was the absolute owner of these policies. Since the decedent possessed no incidents of ownership in the policies, the insurance as such was not included in the gross estate (1 Mertens, Law of Federal Grift and Estate Taxation, § 9.15, p. 582). The Internal Revenue Service found, however, that the policies were taxable as transfers made by decedent to his son in contemplation of death. Because of this Federal determination which is binding herein (cf. Tax Law, § 961), the insurance was includible in the New York gross estate as property transferred .in contemplation of death (cf. U. S. Code, tit. 26, § 2035), and not as insurance (Matter of Bearman, 43 Misc 2d 553). Once such a determination is made, the fact that the property is included in the gross estate in a form other than as insurance does not entitle the estate to an insurance exemption for such property (Matter of Ancona, Surrogate’s Ct., Monroe County, Jan. 26, 1966.)
While the decedent’s son received the proceeds of the policies as beneficiary thereunder upon decedent’s death, in actual fact the son was the owner of these insurance policies after their transfer to him by the decedent. As such he was entitled to receive the cash surrender value, change the beneficiary named therein, and exercise any of the other powers inherent in ownership of the policies. The benefits under these policies thus accrued to decedent’s son as absolute owner after they were transferred to him by decedent, and only incidentally as beneficiary of the proceeds thereof.
In the interpretation of tax statutes it is a firmly established principle that exemptions are the exception and are strictly construed (Matter of Burnham, 112 Misc. 560, affd. 196 App. Div. 948, affd. 232 N. Y. 506; Lindstrom v. Commissioner of Internal Revenue, 149 F. 2d 344). There is thus imposed upon the executor the burden of demonstrating that the exemption *256 sought by him is not a doubtful one and should be definitely granted. In the ease at bar such burden has not been met.
The court, therefore, concludes that the estate is not entitled to an insurance exemption for the six policies in question.
The order appealed from is affirmed.