John M. Keane, S.
Subdivision (a) of section 958 of the Tax Law grants a credit against the New York estate tax for certain personal exemptions set forth at subdivision (b) of section 958. Among the exemptions at paragraph (4) of subdivision (b) of section 958 are the proceeds of insurance on the life of a decedent includible in the New York gross estate receivable by beneficiaries other than a surviving spouse. Where the proceeds of life insurance are involved, is an exemption always an exemption? That is the problem before the court. One is reminded of the colloquy between Humpty Dumpty and Alice when he said,
“ 1 When I use a word, ’ Humpty Dumpty said in rather a scornful tone, ‘ it means just what I choose it to mean — neither more nor less.’
‘ The question is,’ said Alice, ‘ whether you can make words mean different things.’
‘ The question is,’ said Humpty Dumpty, 1 which is to be master — that’s all.’ ”
The facts here are not in dispute. On February 27, 1964 Samuel D. Mason transferred certain policies of insurance on his life with a face value of $80,000 to trustees under a trust agreement for the benefit of his former wife and their daughter. Less than two months later, on April 10, 1964, he died. The proceeds of these policies were not includible in the Federal estate tax return under section 2042 of the Internal Revenue Code because the decedent prior to his death had parted with all incidents of ownership in the policies. However, the proceeds *302 were included in the Federal estate tax return as transfers in contemplation of death under section 2035 of the Internal Revenue Code.
On August 31, 1967, an order was made in this court fixing the estate tax. An exemption for life insurance proceeds was granted for the $80,000 payable to the trustees. The State Tax Commission has appealed from that order on the ground that the exemption was erroneously allowed.
Stripped of all legal verbiage, the position of the State Tax Commission is simple and clear. It contends that, unless proceeds of life insurance are includible in Schedule “ D ” of the estate tax return, they are not entitled to the exemptions granted to proceeds of life insurance payable to a named beneficiary.
Conversely, the executors’ position is equally simple. Proceeds of life insurance payable to a named beneficiary are life insurance proceeds and, therefore, eligible for the exemption. There is no area for compromise. There is no middle ground. Either one or the other position must prevail.
Perhaps an historical review of the origin and development of the concept of granting the exemption for proceeds of life insurance would be helpful in reaching a determination of the question before the court. Since the present article 26 of the New York Tax Law provides for conformity with the Federal law relating to estate taxes, the history of exemption for proceeds of life insurance payable to a person other than the fiduciary under Federal law should be examined. Historically, this is relevant even though Federal law wisely eliminated the exemption in the 1942 Revenue Act.
Prior to 1918 proceeds of life insurance payable to a named beneficiary were not subjected to a Federal estate tax, primarily on the concept that they did not pass through the estate. Looking at matters realistically in 1918, Congress made such proceeds payable to a named beneficiary subject to estate tax but as a sweetener there was allowed an exemption of $40,000. Although the provision consisted of only a few sentences, it was productive of much litigation between taxpayers and the revenue authorities.
Finally, in 1942, Congress eliminated the exemption for proceeds of life insurance payable to named beneficiaries but cushioned the impact from the loss of this exemption by raising the over-all exemption for the additional Federal estate tax from $40,000 to $60,000. Thus, since 1942, there has been no exemption as such for proceeds of life insurance payable to a named beneficiary under the Federal estate tax laws.
*303 Prior to September 1, 1930, New York did not impose any transfer tax upon proceeds of life insurance payable to named beneficiaries. Accordingly, there was no problem of exemptions. The Commission to Investigate Defects in the Laws of Estates (usually called the Foley Commission) recommended, among other things, that New York change from a transfer or inheritance tax to an estate tax. As a result, chapter 710 of the Laws of 1930 was enacted effective September 1, 1930.
The new law included the .proceeds of life insurance payable to a named beneficiary in the gross estate of a decedent at subdivision 9 of section 249-r of the Tax Law. The section was keyed to the revenue acts of the United States in two respects. The amount of insurance includible in the New York gross estate was that which was required to be included under the United States revenue acts taxing estates. Secondly, the exemption allowed was in the amount of the “ exemption allowed in computing the net estate under such Revenue Act of the United States,” which amount at that time was $100,000 under the basic estate tax law of the 1926 revenue act.
The next year in 1931 the Legislature by chapter 136 eliminated the language found in section 249-r about exclusion from the gross estate based on the federal exemption and replaced it with a new subdivision c in section 249-q of the Tax Law where the relief appeared as a separate exemption.
Confusion evidently developed after the 1932 revenue act of the United States, which imposed additional estate taxes for estates over $50,000, although the exemption of $100,000 under the basic or 1926 act remained the same. To resolve this confusion, the Legislature in 1933 by chapter 460 put the figure of $100,000 in subdivision c of section 249-q.
An amendment not relevant to the question here was made by chapter 550 of the Laws of 1937. Otherwise the exemption section remained unchanged until 1950, when the Legislature by chapter 585 enacted a marital deduction law similar to that which had been enacted by the Federal Government in 1948. At that time subdivision c of section 249-q granting $100,000 exemption of insurance proceeds was changed to provide that the $100,000 would be reduced not only by the other exemptions in section 249-q but also by any amounts payable to a spouse under the marital deduction. By reason of the amendment in 1950, situations arose in which the amount of exemption available was less than under the prior law and, in some cases, it was eliminated entirely.
As a result, in 1952 by chapter 206, an amendment was made to section 249-q so that the aggregate exemption of $100,000 for *304 qualified life insurance proceeds would not be reduced by more than $20,000 where a spouse was involved even though the marital deduction of the surviving spouse exceeded that amount. In practice, this returned the exemptions to the same status that had existed since the original enactment in' 1930. The last amendment of section 249-q prior to the enactment of article 26 of the Tax Law occurred in 1955 by chapter 484 where there was merely a correction concerning revised paragraph numbers.
Although the Federal Government completely eliminated the troublesome question of exemptions relating to life insurance by the revenue act of 1942, New York has not seen fit to follow. As a result, we continue to have in New York today the remnants of a statute which continues to confuse the Bar and is of questionable value to the public generally.
Section 958 (subd. [b], par. [4]) of the Tax Law states as follows relating to property eligible for exemption: “ The proceeds of insurance on the life of the decedent receivable by beneficiaries other than a surviving spouse and includible in the New York gross estate. The exemption under this paragraph shall not exceed one hundred thousand dollars less the sum of (A) the aggregate of the amounts allowed under paragraphs (1), (2) and (3) of this subsection, and (B) the amount of the marital deduction allowable under section nine hundred fifty-five as modified by subsection (c) of section nine hundred fifty-six, or twenty thousand dollars, whichever is less.”
What is the definition of “ the New York gross estate ”? In subdivision (a) of section 954 we find the following: “ General. — The New York gross estate of a deceased resident means his federal gross estate as defined in the internal revenue code (whether or not a federal estate tax return is required to be filed) ”. In section 954 (subd. [c], par. [1]) there is a cross reference to section 2031 of the Internal Revenue Code for a definition of gross estate.
It is conceded that the proceeds of the life insurance policies in question are a part of the gross estate, not under Schedule “ D ” for life insurance (because the decedent retained no incidents of ownership) but under Schedule “G” for transfers made in contemplation of death. As stated before, the precise question is, do the proceeds of life insurance lose their character when they are includible in the gross estate but not includible under the life insurance schedule ?
In its brief, the State Tax Commission points to the legislative intent of making no change when article 26 was passed, effective April 1, 1963, to replace article 10-C. What was the language *305 under article 10-C on April 1, 1963? In subdivision 9 of section 249-r there is found the language relating to life insurance proceeds payable to a named beneficiary as an asset of the gross estate, “ To the extent of the amount receivable by all other beneficiaries as insurance under policies upon the life of the decedent to the extent that such amount is required to be included in the gross estate under the provisions for the taxing of estates contained in any revenue act of the United States applicable to the estate of the decedent.” (Emphasis supplied.)
It is the contention of the State Tax Commission that there must be superimposed upon this language of subdivision 9 invisibly or otherwise that in addition the life insurance proceeds so included must be includible under Schedule “ D ”. The statute does not say that. In fact the statute is drawn as broadly as possible to include everything receivable under the provisions for the taxing of estates under any revenue act of the United States. If the State of New York had wished to limit subdivision 9 of section 249-r to proceeds includible as life insurance, it could very well have done so.
Why are the provisions of subdivision 9 of section 249-r so important? Subdivision c of section 249-q in speaking of what property would be exempt states: “So much of the amount required to be included in the gross estate under the provisions of paragraph numbered nine of section two hundred forty-nine-r of this chapter as does not exceed ”. So we are again back to the provisions of subdivision 9.
Why should any exemption be granted for the proceeds of life insurance payable to a named beneficiary giving it a status different from other assets ? The court can take judicial notice of, the constant aggressive efforts made to sell life insurance through all forms of communication as well as by an army of salesmen. Probably the greater portion is sold on a basis to provide against untimely death of the father and head of the household.
Unquestionably it also performs a needed social function in making it possible for families to remain together in the event of the untimely death of a father. There is no question in the mind of this court that such objectives are the real basis for granting even a limited exemption from estate tax to proceeds of life insurance payable to named beneficiaries. Yet it is the contention of the State Tax Commission that, unless the life insurance proceeds are includible in estate tax returns in Schedule “ D ”, they will not be entitled to benefits of the exemption.
*306 Certainly for the orderly administration of any estate tax the various types of property must be classified. It seems to this court that classification is purely an administrative matter and that it is the nature of the property which is more important.
The specific problem involved in this proceeding is not one of first impression. Most recently in Matter of McNally (57 Misc 2d 254 [1968]) certain life insurance policies had been transferred by the decedent to his son. At the time of his death decedent possessed no incidents of ownership. Because the policies had been transferred within three years of his death they were included in his gross estate as property transferred in contemplation of death. No exemption was allowed for these proceeds of life insurance. It is this court’s interpretation that the McNally decision stands for the position that, even though proceeds of life insurance payable to a named beneficiary must be included in the gross estate of the decedent, they are not eligible for exemption unless they are required to be included in the insurance schedule.
There was also cited in Matter of McNally (supra) the case of Matter of Ancona (Monroe County, Jan. 26, 1966), where the same situation existed involving a transfer of insurance policies to children of the decedent. The court held that no exemption was available under subdivision c of section 249-q for an asset included in the gross estate under section 249-r (subd. 3, par. [o], subpar. [i]). Specifically Matter of Ancona further held that unless the proceeds were includible under subdivision 9 of section 249-r, no exemption would be allowable under subdivision c of section 249-q.
It is the thought of this court that both Matter of McNally and Matter of Ancona read into subdivision 9 of section 249-r an additional element which is not found in the statute, namely that insurance proceeds must be included in the insurance schedule to obtain the exemption.
An earlier case was Matter of Bearman (43 Misc 2d 553 [1964]). Although the facts are more complicated, in the end the court held that, since the insurance was not includible as insurance in the gross estate, even though it was includible in valuing the partnership interest, no exemption was available. The same criticism of this decision applies as mentioned earlier.
The Legislature since September 1, 1930 has seen to grant a limited exemption of $100,000 for proceeds of life insurance payable to named beneficiaries. Assuming for the purposes of this decision that the exemption for life insurance proceeds exists to fill a social need, the position taken by the State Tax Commission here could easily produce an anomalous situation.
*307 If a man died and left as his only taxable property $100,000 of life insurance, consisting of five $20,000 policies, one policy being payable to each of his five surviving infant children, no New York estate tax would be payable. On the other hand, if the same man had transferred a policy of $20,000 to each of his five infant children, divesting himself of all incidents of ownership, and died within three years of such a transfer, the infants would have to pay $2,500 in estate taxes under the position taken by the State Tax Commission.
It seems to this court that if the exemption is granted because of the nature of the property which has been transferred, namely, proceeds of life insurance payable to a named beneficiary, then the exemption should not be denied because it happens to be in one schedule of the tax return rather than another.
To support its position, the State Tax Commission has cited some Federal cases. One of them is Matter of Atkins (2 T. C. 332 [1943]) which involved life insurance payable to a partnership. A careful reading of the decision indicates that under the statute applicable at that time, the exemption was not allowed because “ the insurance was not received under policies taken out by decedent upon his own life. ’ ’ Therefore, it is the opinion of this court that the subsequent language discussing the arguments seeking the exemption of the proceeds is completely irrelevant to the conclusion reached by the court on page 342 of the opinion.
The State Tax Commission has also cited for the enlightenment of the court, Helvering v. Le Gierse (312 U. S. 531 [1941]). This case, of course, has no application to the present matter before the court since it involved the problem of a life insurance policy and an annuity policy purchased at the same time by a person at an advanced age and with a premium outlay for both so large that there was lacking the element of an “ insurance risk.” There has been no contention that any such fact exists in the case before the court. Certainly here a life insurance policy was involved, not an annuity.
This court concludes that the exemptions granted to the proceeds of life insurance policies payable to a named beneficiary are granted because of the nature of the property and not because of the particular schedule they happen to be included in the estate tax return under the administrative rules for completing the returns. Therefore, the appeal of the State Tax Commission is dismissed without costs.